SUPREME COURT—APP. DIVISION—SECOND DEPARTMENT,
February 21, 1913.

# THE PEOPLE EX REL. WILLIAM McGOWAN v. WARDEN OF CITY PRISON.

(155 App. Div. 484.)

(1.) HABEAS CORPUS.
   The privileges of the writ of habeas corpus secured by the Constitution of 1821 cannot be impaired by the Legislature and these privileges are defined by the law as it existed when that Constitution was adopted.

(2.) SAME—DELAY IN PROSECUTION.
   One charged with crime cannot invoke the writ of habeas corpus in order to obtain a discharge from imprisonment because of a delay in prosecution.

(3.) PRACTICE—DISCHARGE FROM IMPRISONMENT BECAUSE OF DELAY IN PROSECUTION MUST BE BY MOTION.
   Discharge from imprisonment because of delay in prosecuting the indictment must be obtained by motion in the court where the indictment is pending.

APPEAL by the relators, William McGowan and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 1st day of August, 1912, dismissing a writ of habeas corpus theretofore allowed upon the petition of the relators and remanding the prisoners.

*Robert H. Elder* [*Charles E. Russell* with him on the brief], for the appellants.

---

* See Notes 15–152; 23–55.

*Hersey Egginton* [*James C. Cropsey* with him on the brief], for the respondent.

Order affirmed upon the opinion of Mr. Justice BLACKMAR at Special Term.

JENKS, P. J. THOMAS, CARR, WOODWARD and RICH, JJ., concurred.

The following is the opinion of the Special Term:

BLACKMAR, J.:

The relators ask their discharge because two terms of the court have been held since their indictment and they have not been tried.  It is claimed that this is one of the privileges of the writ of habeas corpus which is secured by the Constitution of 1821.*  To reach this result reference is made to the Habeas Corpus Act of Charles II (Laws of 1679, chap. 2)† and to chapter 39 of the Laws of 1787, chapter 65 of the Laws of 1801, and chapter 57, section 6, of the Revised Laws of 1813.‡ Undoubtedly the Constitution of 1821 put beyond legislative impairment the privileges of the writ and these privileges are defined by the law as it existed when that Constitution was adopted.  I have read all these statutes and have reached the conclusion that the right of discharge for failure to promptly prosecute is not one of the privileges of the writ of habeas corpus.  According to section 7 of the act of Charles II such discharge was secured by a motion made in open court by the prisoner or any one in his behalf, and this provision is substantially carried through those other laws.  These laws entitle

---

* See Const. 1821, art. 7, § 6; Const. 1846, art. 1, § 4; Const. 1894, art. 1, § 4.—[REP.

† See 31 Car. II, chap. 2.—[REP.

‡ See 1 R. L. 356, § 6.—[REP.

the prisoner to discharge under certain conditions upon motion made to the court. If the motion is made after indictment, it seems to me that this necessarily requires that the motion be made to the court in which the indictment is pending. The title of the act of Charles II does not confine its provisions to proceedings in habeas corpus, for it reads: "An act for the better securing the liberty of the subject and for prevention of imprisonments beyond the seas." Although the title of some of the subsequent acts of the State of New York refers in terms to habeas corpus, yet the wording of the provisions for discharge for delay in prosecuting is substantially the same in all, and it is always provided that the discharge shall be upon motion made in court. These statutes are codified in sections 667 and 668 of the Code of Criminal Procedure. The relief is, as it always was, to be sought by motion in the court where the indictment is pending. The relators, therefore, are not entitled to their discharge from imprisonment. I see no reason on the record for admitting the relator Silver to bail. The other relators have been admitted to bail, whether pending the decision on habeas corpus or to answer at the trial I do not remember. Let orders be drawn accordingly and settle on notice on or before Wednesday, July 31, 1912.