THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALFRED GIALLARENZI, Relator, *v.* THOMAS MUNRO, as Sheriff of the County of Onondaga, Respondent.*

Supreme Court, Onondaga County, January 6, 1934.

*William C. Martin, District Attorney*, for the respondent.

*R. J. & P. R. Shanahan*, for the relator.

CREGG, J. On March 5, 1933, Joseph Carlucci was brutally murdered in Onondaga county. As a consequence thereof his wife, Angella Carlucci, and the relator, Alfred Giallarenzi, were both arrested and are now in jail charged with the crime of murder in the first degree. Angella waived examination before Magistrate Waters and voluntarily appeared as a witness against Giallarenzi.

Angella gave evidence tending to connect Giallarenzi with the crime. Her evidence was to the effect that Giallarenzi, Tony Mardello and her husband left her home shortly before the murder; that her husband, Joseph Carlucci, and Tony Mardello went away in her husband's automobile and Alfred Giallarenzi followed in his

* See, also, *People* v. *Giallarenzi* (150 Misc. 11).

own automobile. Her evidence also tends to show that shortly thereafter Giallarenzi returned to her home and stated to her that Tony had murdered her husband; that he, Alfred, intended to pick up Tony in his automobile but he did not do so because too many other cars came along at the time and he got frightened and left. This, together with proof that Joseph Carlucci was murdered, is the substance of the testimony offered before the magistrate, who held the relator, Alfred Giallarenzi, for the action of the grand jury.

This is the return of a writ of habeas corpus in which the relator, Alfred Giallarenzi, asked to be discharged on the ground that he is illegally restrained for the reason that no competent evidence has been produced against him sufficient to hold him for the action of the grand jury; and on the further grounds that even if sufficient evidence was produced, the portion of such evidence tending to connect him with the crime was given by such accomplice, Angella Carlucci; that any and all evidence given by such accomplice must be corroborated before the same can have any force or effect; that there is no corroboration of the evidence of Angella Carlucci.

It is true that section 399 of the Code of Criminal Procedure of this State provides in substance that a conviction cannot be had upon the uncorroborated testimony of an accomplice. It is also true that the district attorney has charged Angella Carlucci jointly with the relator, Alfred Giallarenzi, with the crime of murder in the first degree.

If the district attorney is able to prove those allegations, clearly Angella Carlucci is an accomplice.

I doubt very much whether the evidence offered before the magistrate was sufficient to hold Angella Carlucci as an accomplice. If it was not, then the question of whether or not her evidence given against the relator herein must be corroborated before he can be held is entirely eliminated, and the action of Magistrate Waters in holding Alfred Giallarenzi for the grand jury was correct.

But assuming that there was sufficient evidence produced before the magistrate to show that Angella Carlucci was an accomplice, then the question arises as to whether or not the same degree of proof is necessary and required to sustain and support a conviction of Alfred Giallarenzi for the crime charged.

In my judgment the same degree of proof is not necessary. A committing magistrate is not required to exact the full measure of proof necessary to secure a conviction, but he is obliged to hold one accused of the commission of crime if there is proof that a crime has been committed and there is reasonable ground to believe that the accused is guilty of the crime. (*People ex rel. Willett* v. *Quinn*, 150 App. Div. 813, 827; *People ex rel. Fleischman* v. *Fox*, 34 Misc. 82;

*People* v. *Steinhardt*, 47 id. 252, 262, 263; *People* v. *Landon*, 147 id. 642, 647.)

In my opinion it is not necessary to produce before the committing magistrate such evidence as would prove beyond a reasonable doubt that the relator is guilty of the crime charged.

There is a distinct difference between the evidence required for each step of a criminal proceeding, because in the first instance an arrest may be made by an officer who knows that a felony has been committed and who has reasonable grounds to believe that the person he arrests committed such felony. The grounds of his belief must be based upon reason, but his reason may be based upon hearsay. The arrest being made, the accused is entitled to an immediate examination. If the People are obliged to produce sufficient evidence to show beyond a reasonable doubt that the accused is guilty of the crime committed, grave injustice might be done and many a felon might go unpunished.

Sections 207 and 208 of the Code of Criminal Procedure provide the manner in which an accused may be discharged or held. Those sections are different and distinct from section 399 above quoted. The former sections relate to and provide the procedure that is necessary before the holding magistrate can hold the person charged with crime for the action of the grand jury. The latter section sets forth the degree of evidence which must be produced upon a trial in order to sustain a conviction against the person charged.

I am convinced that there was sufficient evidence before the magistrate to justify his action.

The writ of habeas corpus is, therefore, dismissed and the relator is hereby remanded to the custody of the sheriff of Onondaga county to await the action of the grand jury.

Order may be entered accordingly.