Leslie F. Robinson, J.
The return in this case consists of the information and minutes of hearing held July 20, 1945, in the Lackawanna City Court. On September 21, 1945, the City Court Judge of Lackawanna wrote a letter to this court in which he set forth certain matter, requesting the court to consider them as part of his return and supplemental thereto. From all of these papers, together with a memorandum submitted by the appellant and from statements made in oral arguments, it appears that this defendant was arrested in the City of Lackawanna on July 19, 1945, the information being designated as “Information for Assault second degree” which, under the provisions of the Penal Law, constitutes a felony.
The minutes of the hearing held July 20, 1945, contain the following statement at the conclusion of the examination and cross-examination of the witnesses: ‘ ‘ The Court hereby holds you to answer to the Grand Jury in the County of Brie on a charge of assault, second degree.”
Assault, second degree, is defined in section 242 of the Penal Law as follows:
“A person who, under circumstances not amounting to the crime specified in [§ 240] * * * .
‘ ‘ 3. Wilfully and wrongfully wounds or inflicts grievous bodily harm, upon another, either with or without a weapon; or, ‘ 4. Wilfully and wrongfully assaults another by the use of a weapon or other instrument or thing likely to produce grievous bodily harm * * *
“ Is guilty of assault in the second degree.”
According to the minutes submitted the complainant testified at the hearing in part as follows:
“ Q. Leslie was having an argument? A. Tes with two other fellows. As we pulled up and made a stop, I got out of the car, he lifted his hand, made a swing and cut me with a razor.
“ Q. Where did the knife cut you? A. On the left cheek.” The second witness testified in part as follows:
‘‘ Q. Tell the Court what you saw. A. From what I saw, this here defendant was arguing with two other fellows. Renkas got *957 out of his car. He passed in front of these two guys and this defendant reached out and struck him. ’ ’
The third witness testified as follows:
“ Q. What did you see there? A. I was sitting in the car with Baieh at the corner of Cates Avenue and Ridge Road. Well all I saw was Renkas come out of the car and this fellow was standing on the corner.
“ Q. The defendant? A. Yes. Renkas got out of the car and this defendant was standing there and then I saw this man swing.
“ Q. This man the defendant? A. Yes.”
The testimony fully justified the action of the court in holding the defendant for the Grand Jury.
Although the return does not reveal any further steps taken by the court, it develops that subsequently the defendant was produced before the City Court Judge and a plea of guilty to assault in the third degree was accepted by that official, sentence imposed and the defendant committed to the Erie County Penitentiary for a term of one year.
When the defendant was originally arraigned in the Lackawanna City Court on July 20, 1945, the Judge was sitting in his capacity as a committing Magistrate and as such he was without jurisdiction to try the defendant on the felony charge or to accept a plea to a felony or to sentence this defendant for the commission of a felony. The sole function of the committing Magistrate was to determine whether there was sufficient evidence to hold the accused for the Grand Jury or to discharge him.
In People v. Steiger (154 Misc. 538, 540) the court says: “ The sole object of the inquiry is to ascertain sufficient reasons to justify the holding of the accused until the matter has been presented and passed upon by the grand jury.” (See, also, Cohen v. Bruere, 96 Misc. 609, 614; Matter of Both, 200 App. Div. 423, 426, the court says: ‘ ‘ The magistrate must at the conclusion of the examination either discharge the accused or hold him for the grand jury.”)
People ex rel. Giallarenzi v. Munro (150 Misc. 41, 42): “A committing magistrate is not required to exact the full measure of proof necessary to secure a conviction, but he is obliged to hold the one accused of the commission of crime if there is proof that a crime has been committed and there are reasonable grounds to believe that the accused is guilty of the crime.” (People ex rel. Lennon v. Camio, 165 Misc. 134, 142.)
The court, sitting as a committing Magistrate, in view of the testimony produced, properly held the defendant for the Grand Jury but was without authority thereafter to determine, as a Court of Special Sessions, that no felony had been committed, *958 rearraign the defendant, accept a plea to a misdemeanor and impose sentence. (Code Crim. Pro., §§ 190 and 208.)
Sentence is hereby revoked and defendant remanded to the custody of the Sheriff to await action of the Grand Jury.