THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES HENRY ODELL, Relator, against CLIFFORD C. HALL, Individually and as Sheriff of County of Tompkins, Defendant.

Supreme Court, Special Term, Tompkins County, September 17, 1953.

*John Lo Pinto* and *Michael Lo Pinto* for relator.

*Frederick B. Bryant, District Attorney,* for The People of the State of New York.

McAvoy, J.  The relator, James Henry Odell, after a preliminary examination before the City Judge of Ithaca acting as a magistrate, has been held to await the action of a grand jury upon a charge of grand larceny, first degree, in the alleged theft of an automobile.  He brings this habeas corpus proceeding claiming that the evidence before the magistrate was not sufficient to warrant holding him because there was no proof submitted that the crime charged had been committed, other than relator's alleged written confession.

An information had been sworn to before the magistrate on July 26, 1953, by one Richard A. Lee charging the relator with the crime of grand larceny, first degree, in the theft of an Oldsmobile sedan from a certain area.  Upon the preliminary examination of this charge, the only legal evidence offered was a written confession of the relator given to a police officer in which he admitted stealing an Oldsmobile automobile on or about the time and from the area in question.

The relator stated in his alleged confession that it was freely and voluntarily made without threats or promises, and that he knew it could be used against him in a court of law.  He offered no evidence to the contrary at the hearing.

I have been able to find no authorities in this State upon the precise question involved.  While the confession standing alone would be insufficient to warrant a *conviction* (Code Crim. Pro., § 395), I believe it is sufficient to warrant holding an accused for action of the grand jury where, as here, an information sufficient upon its face is before the magistrate charging him with the commission of the crime.

In *United States* v. *Kallas* (272 F. 742, 746) the court stated: " While the authorities are not uniform, I am of the opinion that a confession, freely and voluntarily made, with full knowledge that the accused is not required to make it, and, if made, it may be used as evidence against him, is sufficient to constitute probable cause, and warrant the commissioner in holding the accused without further evidence of the corpus delicti." (Citing *United States* v. *Bloomgart,* Fed. Cas. No. 14,612, and *United States* v. *Burr,* Fed. Cas. No. 14,692a.  See, also, 16 C. J., Criminal Law, p. 331, Note 9.)

A preliminary examination is not a trial but merely an inquiry, after a criminal charge has been initiated, to determine whether there is sufficient or probable cause to believe that a crime has been committed and the accused guilty thereof.  It is not necessary that all of the essential elements of the crime be proven beyond a reasonable doubt.

We are, therefore, of the opinion that the proof before the magistrate was sufficient to warrant holding the relator for action of the grand jury.

The writ must accordingly be dismissed.