Abraham Breitbart, J.
On this preliminary hearing the court finds that corroborative evidence of the kind required by section 2013 of the Penal Law has not been presented by the People in support of a charge of rape, first degree, against the defendant. However, the overriding question to be determined is whether the “ other ” supporting evidence delineated by the statute need be present in order to hold the defendant for the action of the Grand Jury.
The parties are aware that the fundamental principle to be observed on a preliminary hearing is that the ‘ ‘ committing magistrate is not required to exact the full measure of proof necessary to secure a conviction, but he is obliged to hold one accused of the commission of crime if there is proof that a crime has been committed and there is reasonable ground to believe that the accused is guilty of the crime.” (People ex rel Giallarenzi v. Munro, 150 Misc. 41, 42.) The People have the burden of sustaining a prima facie case as a matter of law. It is true that the same degree of proof to hold a defendant for action by the Grand Jury is not required as for a conviction. But the proof must be of such sufficiency that a trial court would not be bound as a matter of law, to acquit the defendant.
The prosecution urges that a Grand Jury may find an indictment for the crime of rape, first degree, on the uncorroborated testimony of the complainant, and infers therefrom that a defendant may be held for Grand Jury action upon the com *266 plainant’s testimony alone. People v. Fagan (163 Misc. 495) is cited in support of this contention. A reading of the case does not indicate a holding that corroboration may be dispensed with at a preliminary hearing.
The defendant in the cited case was arrested on a charge of rape, first degree. After a preliminary hearing before the City Court Magistrate, he was discharged for lack of corroboration of the complainant’s testimony. Thereafter he was rearrested and charged with assault, second degree, namely intent to commit the felony of first degree rape. Without a new hearing, he was held for the Grand Jury and indicted, and he then moved to dismiss the indictment. The defendant claimed that the lower crime of assault was merged in the higher crime of rape and the Grand Jury was without authority to find the indictment. The court did not discuss the nature of the proof required at a preliminary hearing to hold the defendant for the Grand Jury. Its statement that an indictment for rape upon the complainant’s testimony alone is not prohibited and that only upon the trial must there be corroboration in order to obtain a conviction, constitutes dicta since the court was not dealing with a charge of rape but with assault in the second degree. It even said further that: ‘ ‘ Under ordinary circumstances, as a practical matter, it is idle for a Grand Jury to indict in the face of a certain dismissal of the indictment upon a trial.”
The apparent futility of dispensing with the other supporting evidence required by section 2013 during the preliminary stages of a prosecution for rape, first degree, is illustrated by the case of People v. Romano (21 N. Y. S. 2d, 265, 266). There a conviction for rape in the first degree was reversed and a new trial ordered by the Court of Appeals (279 N. Y. 392), and one of the grounds for the reversal was “ that the corroboration required by section 2013 of the Penal Law was lacking ”. On the defendant’s motion to inspect the Grand Jury minutes, or in the alternative to dismiss the indictment, the District Attorney admitted that the People could not produce at the trial: “ any other, or additional corroboration, and that, in this case, the People at the close of the trial, if the ease be again tried, will not be in any better position so far as corroboration is concerned than they were at the trial which led to the judgment which has been reversed by the Court of Appeals.” The motion to dismiss the indictment was granted.
It has also been held that proceedings prior to trial which do not meet legal requirements are not cured by subsequent developments at the trial. The Court of Appeals said, in People v. Peetz (7 N Y 2d 147,152): ‘ ‘ 'Since we find the indictment defec *267 tivo, it must be dismissed, and the fact that the evidence developed upon the trial may have been sufficient to justify a conviction cannot change that result (People v. Nitzberg, 289 N. Y. 523, 530).
Surely, if serious doubt is cast upon evidence which, even if unexplained or uncontradicted, would not be sufficient to warrant a conviction, it would be an exercise in judicial futility for the defendant to be held for the Grand Jury on the basis of such proof. Obviously, it cannot be the equivalent of a prima facie case based on evidence that the defendant committed the crime charged and is believed guilty thereof.
The statute requires that, if the complainant testifies, there must be other evidence to support the charge. In People v. Downs (236 N. Y. 306, 308), it was said that : “ The ‘ other evidence ’ required by the statute must be of such character as tends to establish, first, that the crime of rape was committed by somebody, and, second, the defendant was the one who committed the crime (People v. Terwilliger, 74 Hun. 310; affd. on opinion below, 142 N. Y. 629) and whether consisting of acts or admissions must extend to every material fact essential to constitute the crime (Underhill on Criminal Evidence, p. 74; People v. Page, 162 N. Y. 272, 274).”
Corroboration, although it may be circumstantial, must be of such quality as would tend to connect the defendant with the commission of the crime. It must extend to the element of penetration (cf. People v. Seaman, 152 App. Div. 495 and People v. Kline, 152 App. Div. 438). There must be other proof that an act of sexual intercourse occurred at the time and place charged, and that the complainant’s disclosure even if made promptly does not constitute the sole basis for sufficient corroboration (cf. People v. Murray, 183 App. Div. 468, and People v. Czys, 262 App. Div. 1027).
The proof adduced at the preliminary hearing falls short in numerous aspects of meeting the ¡burden of a prima facie case sufficient to show that a crime has been committed, nor is there sufficient cause to believe that the defendant is guilty thereof. The variances in the complainant’s testimony as to the events which transpired, and the inability of the other witnesses to supply the essential elements of corroboration, must result in a dismissal of the charge. There is missing from the evidence presented at the hearing sufficient cause for holding this defendant for the action of the Grand Jury.
The motion to dismiss the information is granted, and there being no sufficient cause to believe the defendant guilty of the crime of rape, first degree, he is ordered discharged.