■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NORBERTO PEREZ, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 24, 1965, convicting him of rape in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, and new trial granted. This is a conviction for statutory rape which rests on the testimony of the prosecutrix, who was 17 years of age at the time of the alleged rape, and on alleged admissions made by appellant to a police detective. The indictment charged perpetration " on or about and between June 1, 1964 and June 30, 1964." The prosecutrix testified that the act occurred in June, but she could not say if it was at the beginning or end of the month or in mid-month. The detective's testimony, which constitutes the only corroboration, is merely that defendant voluntarily presented himself at the police station, after word had gotten to him that he was wanted, and that he told the detective that " he had had intercourse with her from the period of 1962 to 1964 several times but that it was always willing." Section 2013 of the Penal Law requires the support of other evidence to corroborate the prosecutrix' story; and this corroboration must extend to all the material elements of the crime charged, including time and place (*People* v. *Romano,* 277 N. Y. 619; *People* v. *Page,* 162 N. Y. 272; *People* v. *Robertson,* 88 App. Div. 198; *People* v. *Patrone,* 140 Misc. 720; *People* v. *Smith,* 45 Misc 2d 265). The corroboration proffered in this case was insufficient for the jury to find that an act of statutory rape was perpetrated on the prosecutrix in June, 1964; the admissions were too generalized. Justice requires a new trial. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.