Clare J. Hoyt, J.
In this habeas corpus proceeding, the petitioner seeks the release of his 17-year-old son who is in the Westchester County Jail awaiting Grand Jury action, having been held to answer the charge of arson in the first degree in a preliminary hearing held in the Court of Special Sessions, City of Yonkers.
The relator was arrested on February 11, 1966 charged with a violation of section 221 of the Penal Law (arson, first degree). Upon his arraignment that day he demanded a preliminary hearing. He was remanded for the hearing in lieu of bail which was set at $50,000. The hearing was held on February 15,1966 at which relator was represented by his present counsel. Decision was reserved at the close of the hearing on that day. A decision was rendered on February 19, 1966 holding that the evidence was sufficient to hold the relator and the order of commitment was signed on February 21, 1966.
The fire out of which the charge arises occurred on December 20, 1965 in the Yonkers Jewish Community Center where the relator was then employed. Twelve persons lost their lives in the fire. The petition alleges that the relator was interrogated by the police on December 22 and 23, that unsuccessful attempts to interrogate him were made on December 24, 27 and 29, that he was further questioned on December 31, 1965 and January 19, 1966. It is further alleged that he was finally questioned on January 24, 1966 and that on that date as well as on January 19, 1966 written statements were obtained from him. It is also claimed that on January 25, 1966 relator was taken to Westchester County Family Court and remanded to the Psychiatric Division of Grasslands Hospital for examination. Upon his release from the hospital on February 11, 1966 he was arrested upon the warrant sworn out by the Yonkers police.
Relator’s detention is claimed to be illegal and unlawful because of an alleged deprivation of counsel and the claim that *328 the inculpatory statements he made were procured by force and fear and, in one instance, after relator had been given an intoxicant.
The petition seeks no relief by reason of the failure to date of the Grand Jury to take action on the charges. However, on the return of the writ, the court accepted, without objection from the People, an affidavit of relator’s attorney wherein relator’s release is sought on the grounds of undue delay and deprivation of a speedy trial.
On the return of the writ, since all matters complained of by the petitioner related to incidents that occurred prior to the preliminary hearing, the court directed that the minutes of the preliminary hearing be furnished to it. Except for the question of relator’s claimed deprivation of a speedy trial, all of the issues can be resolved by reference to the transcript of the preliminary hearing to determine if “it appear from the examination that a crime has been committed and that there is sufficient cause to believe the defendant guilty thereof ’ ’ (Code Crim. Pro., § 208).
In reviewing the record of the preliminary hearing, the court does not substitute its judgment for that of the Magistrate nor does it determine what disposition it might have made had it been the committing Magistrate. “ The function of the court is not to review the preliminary examination in order to decide the question anew, or to supplant the examination of the magistrate by its own examination, but to ascertain whether the magistrate had jurisdiction to commit the prisoner ” (People ex rel. Burgart v. Wells, 57 App. Div. 140, 151).
Thus in this habeas corpus proceeding the court is not to determine the ultimate facts but is limited to a determination of the jurisdiction of the Magistrate to commit the relator in the first instance. “It is not necessary that the evidence [before the magistrate] be conclusive, or sufficient to secure a conviction upon a trial. It may be less than that. In fine, if there is any evidence that the accused committed the crime it is sufficient. If there be no such evidence, then the magistrate is without jurisdiction to commit him ” (Matter of Henry, 13 Misc. 734, 735). The jurisdiction of the committing Magistrate must be evaluated in terms of the evidence before him. “‘Nothing is better settled * * * than that on habeas corpus the examination as to guilt or innocence cannot, under any circumstances, extend beyond the depositions or proofs upon which the prisoner was committed’” (People ex rel. Burgart v. Wells, supra, p. 147).
*329 Two witnesses testified at the preliminary hearing, one an arson expert who examined the premises after the fire and expressed the opinion, based upon his investigation, that it was of an incendiary origin; the second an officer of the Yonkers Police Department who testified that on January 24, 1966 the relator in an oral statement admitted setting the fire. Both witnesses were cross-examined extensively by the relator’s attorney. The relator did not make a statement or call any witnesses in his behalf at the preliminary hearing.
At the conclusion of the hearing, relator moved for a dismissal of the charges on the ground that proof of a corpus delicti had not been proved and that the testimony of the arson expert was insufficient. He did not then urge that there should be no commitment because of the circumstances surrounding the statement given by the relator. Now, however, the relator takes the position that in the preliminary hearing he was entitled to a “Huntley ” hearing (People v. Huntley, 15 N Y 2d 72) and that the rulings of the Magistrate limiting his cross-examination of the detective as to what transpired on January 24, 1966 and not permitting him to cross-examine the witness on prior statements of the relator to the authorities, were a deprivation of relator’s constitutional rights. With this position we cannot agree. The right to a “Huntley ” hearing as established in People v. Huntley (supra), and as codified in sections 813-f through 813-i of the Code of Criminal Procedure, relates to an application before the trial court after, not before, indictment. There is no basis to extend this right to a preliminary hearing. That is not to say that a Magistrate could hold a defendant for the Grand Jury where the evidence before him showed that the inculpatory statement was not voluntary. But here the detective testified at length to the circumstances surrounding the statement and he was cross-examined at length as to all that transpired on that day. The relator did not controvert the detective’s testimony as to the voluntariness or truth of relator’s oral statement by his own testimony or his own witnesses. The Magistrate in his decision found the statement to be voluntary. If the defendant be indicted and if this or another statement be relied on by the District Attorney in the trial of the indictment, the relator will then have his right to a hearing on the voluntariness of the confession (Code Crim. Pro., §§ 813-f — 813-i).
The rationale of the ‘ ‘ Huntley ’ ’ hearings as now provided for by statute is found in Jackson v. Denno (378 U. S. 368). The court there reasoned that the triers of the fact, if called upon to determine the voluntariness of a confession, would be *330 unable to distinguish truth from voluntariness. This would result, the court found, in a deprivation of the constitutional rights of accused since there could be no independent determination of voluntariness, and to insure this determination a separate hearing on this issue was prescribed. This reasoning does not, however, call for a hearing of the Huntley ” type at a preliminary hearing when the Magistrate is not determining guilt or innocence but rather whether there is reasonable ground to believe the accused is guilty of the crime charged. The Magistrate is not required to exact the full measure necessary to secure a conviction (People ex rel. Giallarenzi v. Munro, 150 Misc. 41). “A preliminary examination is not a trial but merely an inquiry, after a criminal charge has been initiated, to determine whether there is sufficient or probable cause to believe that a crime has been committed and the accused guilty thereof. It is not necessary that all of the essential elements of the crime be proved beyond a reasonable doubt ” (People ex rel. Odell v. Hall, 204 Misc. 713, 714).
The speedy trial question raised by relator’s counsel is not properly before the court on a habeas corpus proceeding (People ex rel. McGowan v. Warden of City Prison, 155 App. Div. 484). That issue may be litigated by a motion under section 667 of the Code of Criminal Procedure returnable in the court where an indictment will be tried (People ex rel. McGowan v. Warden of City Prison, supra). The writ is dismissed and the relator is remanded.