M. Marvin Berger, J.
The defendant is charged with the felony of sexual abuse in violation of section 130.65 of the Penal Law and the misdemeanor of assault, covered by section 120.00 of the Penal Law.
At a preliminary hearing the complainant, Rosemary Miller, testified that she had hitchhiked her way to New York from Montana where she had been employed as a waitress. Her purpose in coming to New York was to visit a male friend who had been hospitalized. At her friend’s urging she slept in the apartment of the defendant, an acquaintance of her friend, on the night of her arrival, and again some three nights later. On the first occasion, she testified that the defendant slept on a separate mattress in the apartment. She did some cooking and cleaning each day following the first night, but did not sleep there again until three nights later when she awoke to find the defendant fondling *265 her. She repelled his advances, thus apparently angering the defendant who then beat her about the head and body.
The complainant asserts she was treated at a hospital for her injuries, but the People offered no proof of such treatment, or, for that matter, any evidence whatever to corroborate the complainant’s account.
At the conclusion of the hearing, defendant moved for a dismissal based principally on the failure of the People to corroborate the complainant’s testimony.
After noting doubt that the People would be able to sustain the burden of proof required for conviction, without adequate corroborating testimony, the court initially indicated its belief that the defendant should be held for the Grand Jury, but agreed to withhold decision pending submission of briefs by both People and defendant.
Thus the court must now determine whether, under the Criminal Procedure Law, corroboration is needed at a preliminary hearing in order for the defendant to be held for trial or for further action by the Grand Jury. The Criminal Procedure Law became effective too recently to furnish applicable case law, interpreting the statute on this point.
As has become notoriously apparent, section 130.15 of the Penal Law requires corroboration of all but the most insignificant of sex crimes. The testimony of the victim must be corroborated if the offense charged is intrinsically related to or committed in aid of effecting the sex crime. (People v. Moore, 23 N Y 2d 565; People v. Doyle, 31 A D 2d 490, affd. 26 N Y 2d 752; People v. Colon, 37 A D 2d 21; People v. Lo Verde, 7 N Y 2d 114.)
Of course, the unfairness of the corroboration requirement in sex crimes is self-evident. As stated on the editorial page of the New York Times of February 14, 1972 “ the law is now weighted heavily against victims and encourages rape by making the punishment so difficult and so rare ”. (See, also, Matter of Sam “ F ” and Bobby “ S ”, 68 Misc 2d 244.)
In an incisive article in the December, 1971, issue of the Ford-ham Law Review (vol. 40, p. 263), entitled The Requirement of Corroboration in Prosecutions for Sex Offenses in New York, Judge Irving Younger notes that a number of States by statute or decision have held corroboration necessary to sustain a conviction of rape; others require corroboration when the complainant’s testimony is unclear, unconvincing, incredible, improbable, contradictory or inconsistent with surrounding circumstances. But, he points out (p. 267), New York law relating *266 to corroboration differs from the law of other States: “ it has surpassed them all in the number and complexity of its rules on corroboration ”. He further notes that while the Penal Law required corroboration for 6 sex offenses, the current Penal Law defines 11 sex offenses for which corroboration is needed.
In any event, the only authority cited by defendant in support of his position is People v. Smith (45 Misc 2d 265) which, in effect, held that if corroboration was required to convict defendant at the trial, such corroboration was also needed at a preliminary hearing. In fact, six of the eight pages of the defendant’s brief quotes (without benefit of quotation marks) the full text of the opinion by City Court Judge Abraham Breitbart.
This court feels that the authorities cited by the court in the Smith case do not in fact support the conclusion reached in that case.
People v. Romano (21 N. Y. S. 2d 265) dealt with the futility of ordering a second trial for rape, after the guilty verdict at the first trial had been reversed for lack of corroboration. People v. Peetz (7 N Y 2d 147) quoted section 251 of the Code of Criminal Procedure to the effect that the Grand Jury should indict when all the evidence if unexplained or uncontradicted would, in the judgment of the grand jurors, warrant conviction by a trial jury.
The Criminal Procedure Law does not differ materially from the former practice code, the Code of Criminal Procedure, in requiring differing and progressively more onerous standards of proof at the three stages of the judicial process following a felony arrest — hearing, Grand Jury proceedings and trial.
To sustain a conviction, the People must establish the defendant’s guilt beyond a reasonable doubt. The conviction must be based ‘ ‘ upon trial evidence which is legally sufficient and which establishes beyond a reasonable doubt every element of such offense and the defendant’s commission thereof ”. (CPL 70.20.)
Under section 389 of the predecessor statute, the Code of Criminal Procedure, the defendant was presumed to be innocent until the contrary was proved and was entitled to an acquittal where a reasonable doubt as to his guilt was satisfactorily shown.
The law does not require the same degree of proof to hold a defendant for action of the Grand Jury as is demanded for conviction; however, the proof must be sufficient on its face *267 to sustain conviction of the defendant. (People v. Eckert, 2 N Y 2d 126; People v. Donahue, 309 N. Y. 6.)
The new standard for indictments contained in section 190.65 of the Criminal Procedure Law permits indictment of a person when the evidence before the Grand Jury is legally sufficient to establish that the person committed an offense and competent and admissible evidence before it provides reasonable cause to believe such person committed the offense. Under the former statute, section 251 of the Code of Criminal Procedure, the Grand Jury decision to indict was based on the concept that ‘1 when all the evidence before them, taken together, is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury ”.
Professor Denzer’s annotation to section 190.65 notes that the precise meaning of section 251 of the Code of Criminal Procedure was not readily discernible from the language of the statute. People v. Peetz (7 N Y 2d 147, supra) declared a prima facie case to be necessary for indictment ‘ ‘ but what else, if anything, was required was always something of a mystery” (McKinney’s Cons. Laws of N. Y., Book 11-A CPL, Practice Commentary, 190.65, p. 158).
The felony hearing demands a lesser degree of proof than that needed to sustain an indictment or to sustain a conviction. Section 180.70 of the Criminal Procedure Law requires the People, in a felony hearing to demonstrate only “ reasonable cause to believe that the defendant committed a felony”. (Emphasis supplied.) Both terms “legally sufficient evidence ” (needed for conviction) and “reasonable cause ” are defined by CPL 70.10.
‘ ‘ Legally sufficient evidence ’ ’ needed to support conviction, must, if accepted as true, establish every element of the crime, the defendant’s commission of the crime, and the necessary corroboration when such corroboration is demanded by the law.
Subdivision 2 of CPL 70.10 defines “reasonable cause” to be present ‘ ‘ when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it ’ ’.
Professor Denzer in his practice commentary on CPL 180.70 notes (p. 78) that the “ reasonable cause” standard, defined by CPL 70.10 (subd. 2) “does away with the requirement of a prima facie case. In effect, if the evidence was sufficient for *268 issuance of a warrant of arrest or for an arrest without a warrant— all other things being equal — it should be sufficient to hold a person for the action of the grand jury.” The staff of the Temporary Commission on Revision of the Penal Law and of Criminal Procedure noted that CPL 70.10 substantially restated section 389 of the Code of Criminal Procedure. The weight of authority in the cases decided before the effective date of the Criminal Procedure Law was that under section 389 of the Code of Criminal Procedure, corroboration need not be made out at a preliminary hearing.
Often cited in support of this proposition is People ex rel. Willett v. Quinn (150 App. Div. 813, 827), in which the court said: “ A committing magistrate is not required to exact the full measure of proof necessary to secure a conviction, but is obliged to hold one accused of crime for trial if there is reasonable ground to believe him guilty. (People ex rel. Fleischman v. Fox, 34 Misc. Rep. 82; People v. Steinhardt, 47 id. 263; Matter of Paul, 94 N. Y. 497, 503.) ”
In People ex rel. Baron v. Warden of City Prison (56 Misc. 108) a habeas corpus proceeding, the relator was held after examination before a City Magistrate on a felony charge which by statute required corroboration to justify a conviction. The relator conceded that all necessary elements of the crime charged had been covered- on examination except for corroboration. The court agreed, but, distinguishing the case from People ex rel. Perkins v. Moss (187 N. Y. 410), said that in that case, a prosecution for larceny, there was no proof of intent, an essential element of the crime of larceny. “Here”, said Justice Ford (p. 109) “ there is no such hiatus. Lack of corroborative testimony becomes essential upon the trial only, and the Perkins case does not change the rule in this regard ”.
In People ex rel. Odell v. Hall (204 Misc. 713, 714) MoAvoy, J., wrote: “ A preliminary examination is not a trial but merely an inquiry, after a criminal charge has been initiated, to determine whether there is sufficient or probable cause to believe that a crime has been committed and the accused guilty thereof. It is not necessary that all of the essential elements of the crime be proven beyond a reasonable doubt.” To the same effect is People ex rel. Giallarenzi v. Munro (150 Misc. 41), in which, after repeating virtually unchanged the foregoing language in People ex rel. Willett v. Quinn (150 App. Div. 813, supra), the court added (p. 43): “In my opinion it is not necessary to produce before the committing magistrate such evidence as *269 would prove beyond a reasonable doubt that the relator is guilty of the crime charged * * * If [at the examination following arrest] the People are obliged to produce sufficient evidence to show beyond a reasonable doubt that the accused is guilty of the crime committed, grave injustice might be done and many a felon might go unpunished.” (See, also, People (Lennon) v. Camio, 165 Misc. 134; People ex rel. Ruppert v. Hoy, 50 Misc 2d 326, and People v. Pearsall, 51 Misc 2d 955).
The defendant is held for the Grand Jury.