Abraham J. Gellinoff, J.
This is a habeas corpus proceeding. Relator was held for the Grand Jury following a preliminary hearing, but asserts that the hearing was so inadequate as to constitute no hearing at all, in violation of subdivision 2 of CPL 180.10 and CPL 180.80. He bases his contention upon the Criminal Court Judge’s curtailing of relator’s examination of the complaining witness — particularly as to the circumstances of the witness’ station house identification of relator — *630 and also upon his claim that the court abused its discretion in refusing to permit relator to call the arresting officer as a witness (see CPL 180.60, subd. 7).
At the hearing, the complaining witness, aged 15, testified on direct examination that, while riding in a subway train, he was accosted by relator and another. Relator demanded money from him, and, when informed that complainant had none relator grabbed complainant’s watch and pen, and, with his companion, ran off. On cross-examination, relatoras counsel elicited (despite the sustaining of an objection to the question) that the complainant had never seen relator prior to this 3-minute long incident. However, the hearing court would not permit counsel to question the complainant concerning his identification of relator in a station house lineup a week after the incident; nor would the court permit counsel to call the arresting officer as a witness to the events surrounding the station house identification. Relator asserts that these rulings deprived him of the opportunity to “ challenge the reasonableness of the arrest”, and rendered the hearing a nullity.
Before a hearing court may hold a defendant for action by a Grand Jury, the evidence must give the court “reasonable cause to believe that the defendant committed a felony ” (CPL 180.70, subd. 1). “Reasonable cause to believe that a person has committed an offense” exists when: “Evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it ” (CPL 70.10, subd. 2).
The preliminary hearing, therefore, is quite limited in scope. The People’s case need only, as here, present the broad outline of the facts; and the court may narrowly limit cross-examination. The hearing is not intended as a pretrial discovery device, nor is it a substitute for the trial itself. Thus the court in the instant case correctly refused to permit defense counsel to question the complaining witness as to details — such as the presence of other people on the train, or whether the complainant had ever recovered his possessions — which would of course be permitted at trial, but which are beyond the scope of a hearing^
Similarly, questions concerning the ultimate admissibility of evidence, such as the lawfulness of a search of the defendant or of his premises, or of any confession he might have made, are not germane to the purposes of the hearing. While the cir *631 cumstances surrounding the obtaining of such evidence may eventually be tested, and may lead to their exclusion from the trial, those circumstances do not affect the reliability of the evidence as it relates to guilt (cf. Bivens v. Six Unknown Fed. Narcotics Agents, 403 U. S. 388, 415-16; Burger, Ch. J., dissenting), and are thus irrelevant to a determination that it is “ reasonably likely ” that the defendant committed a felony. The same is true of the question whether the “ seizure ” of the defendant was a lawful one.
The relator’s attempt to challenge the complaining witness’ in-court identification of him presents a closer question. While the admissibility of this identification may also be challenged in a later hearing (see United States v. Wade, 388 U. S. 218; Gilbert v. California, 388 U. S. 263; People v. Ballott, 20 N Y 2d 600), theoretically, at least an extreme situation could arise in which the station house identification procedure was so improper — for example, the police coerced the victim into saying that the defendant was in fact the perpetrator — that the in-court identification, standing alone, might be insufficient to meet even the “ reasonably likely ” standard.
Such a situation, however, is quite rare, and hearing courts may, in view of their limited function, disregard the theoretical in favor of the practical — except, perhaps, where a sufficient offer of proof is made to indicate the existence of the extreme case (no such offer of proof was made in this case). For, apart from other considerations, the preliminary hearing is an inappropriate forum in which to try the important issues raised in such motions to suppress. Generally, neither side has had a sufficient opportunity to investigate and prepare the case; after all, the law requires that the hearing be conducted within 72 hours of arraignment if the defendant is incarcerated, unless he consents to a longer adjournment (CPL 180.80). Moreover, the defendant is fully protected, since the issues concerning his identification may be fully explored at a pretrial suppression hearing.
Accordingly, this court concludes that the hearing court properly exercised its discretion in refusing to permit defense counsel to explore the circumstances surrounding the station house identification, as well as in refusing to permit defendant to call the police officer as a witness (cf. People v. Escalera, 30 N Y 2d 543). Of course, this court recognizes that in order to sustain the writ it would have to conclude more than that the hearing court committed error, but would have to find that that error effectively deprived relator of his hearing. In the case at bar, *632 the court concludes that the hearing court committed no error at all.
The court has discussed the matter because of its importance, notwithstanding that, in any event, the writ would have to be dismissed since, while this proceeding was sub judice, relator was indicted by the Grand Jury. The indictment makes academic any error with respect to preliminary proceedings (People ex rel. Hirschberg v. Close, 1 N Y 2d 258; People v. Belmont, 48 Misc 2d 1057; People ex rel. Watkins v. Lindsay, 28 A D 2d 859; but see the warning expressed in People v. Tornetto (16 N Y 2d 902, 903).
Writ dismissed.