Edward M. O’Gorman, J.
The defendant was arrested on February 21, 1973 on two felony complaints, for violation of1 sections 220.10 and 220.15 of the Penal Law. He was arraigned before the Justice Court of the Town of Goshen, New York. Bail was fixed and he was committed to the county jail in default thereof. More than 72 hours since said arraignment have elapsed without the commencement of a preliminary hearing as required by the provisions of CPL 180.80.
Defendant has made application to this court for his release in accordance with the terms of CPL 180.80. It was conceded at the hearing that the failure to dispose of the felony complaints or to commence a hearing thereon during the period of the defendant’s confinement was not due to defendant’s request, nor with his consent. It is also conceded that prior to this application, no indictment or direction to file a prosecutor’s information charging an offense based upon the conduct alleged in the felony complaints was filed by the Grand Jury.
It is urged on behalf of the People that the court should deny this application because there was good cause for the failure to hold the preliminary hearing, to wit: the fact that the People are unable, in a case of this kind, because of lack of adequate State Police laboratory facilities, to obtain a report of that laboratory’s analysis of the substances, which in this case are alleged to be an amphetamine and marijuana. It is *102 the contention of the People that without this proof they would be unable to establish a prima facie case of the guilt of the defendant before the committing Magistrate.
Whatever the standard of proof required prior to the adoption of the Criminal Procedure Law (see Code Crim. Pro. § 208; People v. Smith, 45 Misc 2d. 265), it would seem to be clear, by the terms of the present law (CPL 180.70, subd. 1), that the court must dispose of a felony complaint by ordering that the defendant be held for the action of a Grand Jury “ if there is reasonable cause to believe that the defendant committed a felony”. In those few instances in which this question has come before the courts (see People v. Scarposi, 69 Misc 2d 264; People ex rel. Pierce v. Thomas, 70 Misc 2d 629), they have held that this is a less stringent requirement than would satisfy the standard necessary for an indictment by a Grand Jury, and less stringent than that required for conviction. The language of subdivision 1 of CPL 180.70, is similar to that of subdivision 2 of CPL 120.20, which provides that the court may refuse to issue a warrant of arrest based upon an accusatory instrument until it has further satisfied itself by inquiry or examination of witnesses “ that there is reasonable cause to believe that the defendant committed an offense charged.”
As pointed out in Denzer’s Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 11A, CPL 180.70), the standard of “ reasonable cause ” as defined in subdivision 2 of CPL 70.10 “ does away with the requirement of a prima facie case. In effect, if the evidence was sufficient for the issuance of a warrant of arrest or for an arrest without a warrant — all other things being equal— it should be sufficient to hold a person for the action of the grand jury.”
It would seem, therefore, that the People should be able to produce proof, within the 72-hour period, of those elements which were regarded as a reasonable justification for the arrest of the defendant in the first place. It is true, in the case at bar, that the precise chemical nature of the substances may not be capable of being established beyond a reasonable doubt without proof of analysis by a qualified chemist. However, sufficient evidence should be able to' be presented as to the characteristics of the substances as they appeared to the arresting officer, and such other circumstances as gave him probable cause to believe that the defendant was in possession of amphetamines and marijuana, as set forth in his information complaints. • The court must assume that the officer *103 observed sufficient apparent characteristics of these substances as to make it reasonable for him to conclude that they constituted dangerous drugs as defined in the Penal Law.
It should also be observed in connection with CPL 180.80, that the burden on the prosecution is to commence a hearing before the Magistrate within the time limitation. A continuation may thereafter be obtained from the Magistrate for good cause shown (see CPL 180.60, subd. 10), and it is conceivable that a reasonable adjournment might be obtained to obtain further proof of the nature of the chemical substances involved.
In view of the major nature of the interest here sought to be protected by this provision of the Penal Law circumscribing the rights of the People to deprive an accused of his liberty by delaying the application of criminal process, only those causes of delay which are truly ‘ ‘ compelling ’ ’, to use the language of subdivision 3 of CPL 180.80, should justify absolving the People from compliance with the section.
The situation is not analogous, as contended by the People, to those recently dealt with by the Court of Appeals in People ex rel. Franklin v. Warden, Brooklyn House of Detention for Men (31 N Y 2d 498). In that case, the defendants sought their release under the authority of the so-called “ ready trial ” rule found in 'CPL 30.30. The People contended that their failure to bring defendants to trial was due to the lack of court facilities and that this was such an “ exceptional circumstance ” as to avoid the sanction of CPL 30.30. The defendants contended that CPL 30.30 should apply as well to require the State of New York to supply facilities as it does to require the District Attorney to be ready for trial. The court declined to adopt this construction, and held that the circumstances were such as to prevent the operation of the ‘ ‘ ready trial ’ ’ rule. The court further held that the particular circumstances as disclosed by the defendants did not constitute a denial of their constitutional right to a speedy trial.
In this case, the defendant does not seek to deprive the prosecution of its right to conduct its hearing or to endeavor to obtain an indictment from the Grand Jury. He does not seek a dismissal of the complaint or a release from the charges. The remedy which he asks the court now to apply is the remedy afforded him under the circumstances by the Legislature, that he be permitted to be free on his own recognizance pending such time as the defendant may be either indicted by the Grand Jury or committed by the Magistrate to await sueh . action.
*104 The denial to the defendant of this statutory right is not caused in this case by the lack of any facilities by the District Attorney.
It would seem clear that reasonable cause to make an arrest or to obtain a search warrant to take possession of apparently dangerous drugs does not require as a prerequisite that the arresting officer first obtain a chemical analysis of the substances in question of which he has not yet obtained possession. Since the measure of proof required before the Magistrate on the felony complaints herein is not more stringent, it would seem that a chemical analysis was not a necessary part of the People’s proof.
The writ must be sustained, and it is directed that the defendant be released upon his own recognizance to await further process of the court.