THE PEOPLE OF THE STATE OF NEW YORK ex rel. WENDY S. LAURING, as Law Guardian, on Behalf of GEORGE SANTIAGO, Appellant, *v.* WAYNE MUCCI, as Director of Detention Services, Human Resources Administration Juvenile Center for Boys, Respondent.

First Department, May 28, 1974.

*Wendy Sue Lauring* of counsel (*Debora Ginsburg* with her on the brief; *Charles Schinitsky* and *William E. Hellerstein*, attorneys), for appellant.

*Alfred Weinstein* of counsel (*L. Kevin Sheridan* with him on the brief; *Adrian P. Burke, Corporation Counsel*), for respondent.

LANE, J. The Family Court Act requires that a juvenile may be held in detention for no longer than 72 hours without a preliminary hearing to establish the jurisdiction of the court and to advise the juvenile of his rights (Family Ct. Act, §§ 728, 729).

While the statute does not specifically include the determination of probable cause as part of such a hearing, Chief Judge BREITEL (then Associate Judge), writing for a unanimous Bench in *People ex rel. Guggenheim* v. *Mucci* (32 N Y 2d 307) has extended the scope of this preliminary hearing to include a determination of probable cause as well.

Such hearings, at least as applicable to juveniles, are in a developmental stage and the case at bar is illustrative of the " growing pains " to be expected.

A petition was filed against the relator in the case at bar charging him with acts which, if committed by an adult, would constitute the crimes of murder and possession of a weapon.

A probable cause hearing was held before a Family Court Judge during which counsel for the relator was barred from engaging in any cross-examination.

After the hearing, relator initiated a habeas corpus proceeding in Supreme Court, New York County, which was dismissed by the Justice presiding at Trial Term, Part XXX, who reasoned that limitation on cross-examination is in the discretion of the Judge conducting the hearing and that, in this case, though the Family Court Judge prohibited all cross-examination, there still was no abuse of that discretion. We disagree.

In truth, the scope of cross-examination in a probable cause hearing mandated for an adult is not boundless (see, e.g., CPL 180.60, subd. 4; *People ex rel. Pierce* v. *Thomas,* 70 Misc 2d 629).

However, in the case of a juvenile, we have additional factors to consider.

We have already held that the mere fact that an adult is entitled to certain formal protective devices does not mandate such protection to juveniles (see, e.g., *Matter of George S.,* 44 A D 2d 352, and cases cited therein [re right to a jury trial]).

Furthermore, our interpretation of *People ex rel. Guggenheim* v. *Mucci* (32 N Y 2d 307, *supra*) has allowed the introduction of hearsay evidence at probable cause hearings, though such evidence is proscribed in a similar hearing involving an adult (cf. *Matter of Raymond B.,* 42 A D 2d 842, with CPL 180.60, subd. 8).

The rationale, of course, is to retain the informality and intimacy of hearings involving juveniles, while not abridging any of their substantial rights (cf. *Matter of D. [Daniel]*, 27 N Y 2d 90, 95, and authorities cited thereat).

However, since further detention of the juvenile based on hearsay evidence is permissible, and since we cannot say that a hearing Judge has unlimited discretion in barring all cross-examination (cf. *People ex rel. Pierce* v. *Thomas,* 70 Misc 2d 629, *supra*), we find that the complete prohibition of cross-examination at the probable cause hearing in this case was an improvident exercise of discretion and operated effectively to deprive the juvenile of any benefit sought to be conferred by granting the hearing in the first instance.

Accordingly, the judgment of Trial Term entered March 7, 1974, dismissing the writ of habeas corpus, should be reversed on the law and on the facts only to the extent of granting a new probable cause hearing to be held immediately unless the fact-finding hearing itself has already been commenced, in which event the appeal should be dismissed solely on the ground of mootness.

MARKEWICH, J. P., KUPFERMAN, LUPIANO and TILZER, JJ., concur.

Judgment, Supreme Court, New York County, entered on March 7, 1974, unanimously reversed, on the law and on the facts, only to the extent of granting a new probable cause hearing to be held immediately unless the fact-finding hearing itself has already commenced, in which event the appeal is unanimously dismissed solely on the ground of mootness.