Frederic S. Berman, J.
This case raises the question — does the court, at a felony hearing, have a duty to consider factors, other than “ reasonable cause,” particularly where it appears that the People may not be able to prevail at trial due to a lack of sufficient corroborative evidence?
Defendant and his wife were arrested and charged with possession of narcotics. Defendant’s wife was searched and a loaded gun was found in her pocketbook. She then told policemen that the gun belonged to her husband, the defendant. At the station house, defendant asked a police officer whether he could be charged with possession of the weapon, because his wife had another gun case pending against her. Defendant was then arrested for possession of a weapon as a felony.
At the conclusion of the preliminary hearing, defendant moved for a dismissal on the grounds that the People failed to corroborate the admissions of the defendant, and that the People failed to corroborate the testimony of the defendant’s wife, who was his accomplice. Defendant also raised, as an additional issue, its contention that, since at a trial the People would, as a matter of *736 law, have insufficient evidence to obtain a conviction due to lack of corroboration, the court should take the unlikeliness of conviction into account at this time in determining whether to dismiss the case at the conclusion -of the felony hearing.
In considering defendant’s motions, it is necessary to examine the burden of proof imposed upon the prosecution at the various stages of the proceeding, i.e., felony hearing, grand jury, and trial.
The felony hearing is basically a first screening of the charge. Its function is neither to accuse nor to try the defendant; those steps come later (Denzer, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 11A, CPL, § 180.70, p. 78). At the conclusion of the felony hearing, if the court has ‘ ‘ reasonable cause ” to believe that the defendant committed a felony, th'e court must order that the defendant be held for action by the grand jury (CPL 180.70, subd. 1).[1] “‘Reasonable cause to believe that a person commits an offense ’ exists when evidence or information which appears reliable discloses facts or circumstances Avhich are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it” (CPL 70.10, subd. 2).
A higher standard is required in order for a grand jury to indict a defendant. (People v. Anderson, 74 Misc 2d 415; People ex rel. Fox v. Sherwood, 73 Misc 2d 101; People v. Scarposi, 69 Misc 2d 264.) A grand jury may only indict a person for an offense when (a) the evidence before it is “ legally sufficient ” to establish that such person committed such offense, and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed .such offense (CPL 190.65, subd. 1). “‘Legally sufficient evidence’ means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent.” (CPL 70.10, subd. 1.)
*737 It is an elementary and basic proposition of law that an even higher standard is required before a defendant may be convicted after trial. The trial evidence must be legally sufficient and establish beyond a reasonable doubt every element of such offense and the defendant’s commission thereof (CPL 70.20).
It is not necessary for the People to present a prima facie case in order to meet its burden at the felony hearing (People v. Soto, 76 Misc 2d 491; People v. Anderson, supra; People v. Scarposi, supra). The People’s case need only present the broad outline of the facts (People ex rel. Pierce v. Thomas, 70 Misc 2d 629). In effect, if the evidence was sufficient for issuance of a warrant of arrest or for an arrest without a warrant — all other things being equal — it should be sufficient to hold a person for the action of the grand jury (People v. Scarposi, supra, pp. 267-268, quoting Denzer, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 11A, CPL, § 180.70, p. 78).
For example, in People v. Scarposi (supra), defendant was charged with sexual abuse. The complainant testified at the felony hearing, but the People offered no evidence to corroborate the complainant’s testimony. The court held that corroboration is not required at a felony hearing to determine whether the defendant should be held for the grand jury (cf. People v. Smith, 45 Misc 2d 265).
In People ex rel. Fox v. Sherwood (73 Misc 2d 101, supra), defendant was charged with certain drug offenses. The court held that it was not necessary to present a report of the laboratory analysis of the substances. The arresting officer’s testimony regarding the characteristics of the substances as it appeared to him plus other circumstances which gave him reasonable cause to believe that defendant was in possession of amphetamines and marijuana would have been enough to hold the case for the grand jury.
Thus, the mere fact that one or more of the elements of an offense is not established to the degree required at trial or in the grand jury does not require dismissal of the felony complaint at the hearing stage (People v. Soto, 76 Misc 2d 491, 495, supra).
While a prima facie case is not required in a felony hearing, it is a requirement before the grand jury may indict a defendant. (People v. Haney, 30 N Y 2d 328, 335-336; People v. Peetz, 7 N Y 2d 147, 149; People v. Anderson, 74 Misc 2d 415, supra.)
The court’s sole duty at this felony hearing is to determine whether the People have met the burden required of them by statute. It is not the function of the Judge at a felony hearing to decide the questions of law regarding the corroboration of a *738 defendant’s statements or whether a witness is considered an accomplice whose testimony must he corroborated. These are questions of law to be decided by the Trial Judge at the appropriate time after hearing the evidence adduced at trial. Nor must corroboration be offered at a felony hearing in order for the People to sustain their burden.
The language of GPL 180.70 is clear. If it was intended that the court take into account at a felony hearing the ultimate disposition of a case, then the Legislature would have so provided. Absent such provision, a Judge at a felony hearing would be required to hold a defendant without regard to the probability of a successful prosecution (People v. Anderson, supra, p. 418).
Accordingly, defendant’s motion to dismiss is denied. The court finds that the People have met their burden of showing reasonable cause that a felony was committed and that the defendant committed the crime.
Accordingly, the defendant is held for the grand jury.

. However, there are circumstances when the court is not required to hold the defendant for the grand jury. Subdivision 3 of CPL 180.70 states the following: “3. If there is reasonable cause to believe that the defendant committed a felony in addition to a non-felony offense, the court may, instead of ordering the defendant held for the action of a grand jury as provided in subdivision one, reduce the charge to one for such non-felony offense as provided in subdivision two, if (a) it is satisfied that such reduction is in the interest of justice, and (b) the district attorney consents thereto.”