OPINION OF THE COURT
John V. Aylward, J.
Defendant brings this motion before indictment in County Court requesting a second preliminary hearing, requesting certain evidence of a discovery nature, and also requesting that the defendant be admitted to bail, which defendant is presently being held for the Grand Jury for a class A-l felony, namely murder in the second degree.
PRELIMINARY HEARING
Defendant complains that at the preliminary hearing, which was held at the request of defendant and within the 72-hour rule, he was deprived of a full examination of the witnesses produced by the prosecution. In particular, he states that the medical examiner gave an opinion of a death by homicide, as distinguished from death by suicide, and which opinion was based on an examination of certain X rays. Defendant further complains that he was not permitted to see the X rays and other written notes or reports of that particular witness which the witness had relied upon in arriving at his opinion, and therefore he should be entitled to a second preliminary hearing.
The Supreme Court of the United States has held that there is not any Federal Constitutional right to have an adversary proceeding to cross-examine at a preliminary hearing. (Ger-stein v Pugh, 420 US 103.) Our New York statutes permit cross-examination at a preliminary hearing and require the introduction of nonhearsay evidence, except for certain stated documentary reports. Nevertheless, the sole relevant issue at any preliminary hearing is simply to determine whether there is "probable cause” for temporarily detaining the accused pending further proceedings such as the Grand Jury process.
While it is true that in an adversary proceeding to deter *634 mine the guilt or innocence of an accused defense counsel would have been permitted the right to have the X rays produced as well as the other notes made by the witnesses who testified, this preliminary hearing is not a full-blown, trial-type, adversary proceeding. In the case of People v Martinez (80 Misc 2d 735, 736), it was stated that: "The felony hearing is basically a first screening of the charge. Its function is neither to accuse nor to try the defendant; those steps come later”.
A review of the testimony taken at the preliminary hearing demonstrates that there was sufficient probable cause to hold this defendant, even without reference to the X rays or the notes of the medical examiner referred to. There is not any statutory right to an extended or protracted preliminary hearing just so long as a sufficiency of evidence has been presented to establish probable cause.
Defendant’s motion for a second preliminary hearing is denied.
DISCOVERY
With respect to the issue wherein the defendant demands the production and delivery to him of various items of evidence, such a determination is a matter of discovery. While astute defense counsel would like to utilize a preliminary hearing as the equivalent of an examination before trial, such is not the purpose of a preliminary hearing. (People ex rel. Pierce v Thomas, 70 Misc 2d 629.) Discovery motions, Huntley hearings and other suppression-type hearings must await indictment before being conducted, lest the calendars of our courts become interminably clogged.
The motion for discovery at this time is denied.
BAIL
Defendant’s third issue is that he be admitted to bail. The City Court properly refused to admit the defendant to bail since it was without power to do so pursuant to CPL 530.20 (subd 2, par [a]). The present charge is a class A-l felony which is the highest classification of crime within the Penal Law, even though the charge is labeled murder, second degree. A review of the transcript of the preliminary hearing, the defendant’s background, and applying the standards permitted in CPL 510.30, leads this court to determine in its *635 discretion that the defendant be held without bail pending the outcome of the Grand Jury process — which is about to be reconvened.