OPINION OF THE COURT
Peter C. Patsalos, J.
The defendant was arrested on November 14, 1984, on a felony complaint. She was arraigned before the City Court of Middletown, New York. She was released on her own recognizance and was told to return for a preliminary hearing within the six-day statutory period within CPL 180.80. On the day of the preliminary hearing the defendant failed to appear and a bench warrant was issued for her arrest. Subsequently, the defendant was arrested on the bench warrant and bail in the sum of $300 was set. The City Court of Middletown set a preliminary hearing 11 days after the arraignment of the defendant on the bench warrant.
Defendant has made an application to this court for her release in accordance with the terms of CPL 180.80. Defendant urges that more than 144 hours has elapsed since her arraignment on the bench warrant without the commencement of a preliminary hearing as required by the pursuance of CPL 180.80.
It is urged on behalf of the People that the court should deny the application because there was good cause shown since a preliminary hearing was scheduled wherein the defendant failed to appear.
CPL 180.80 (3) states in effect that the People shall afford the defendant a preliminary hearing within 144 hours. In the present case, the People were ready to go forward, had their witnesses ready; however, the defendant, released in her own recognizance, failed to appear and was subsequently apprehended by the issuance of a bench warrant.
*90 The present case at bar should be distinguished from People ex rel. Fox v Sherwood (73 Misc 2d 101) in that the People alleged good cause in that case since their laboratory results were not ready for presentation; therefore, a preliminary hearing could not go forward. It should also be distinguished from People v Lethenia (87 Misc 2d 713). In that case, the People contend that the time as allowed under the statute did not include weekends, actually a Sunday; court held it did.
In the case at bar, the defendant notified to return for the preliminary hearing failed to do so and therefore waived her rights under CPL 180.80 (3). This subdivision indicates the defendant must be afforded a hearing within the time limitation. Defendant, by her nonappearance, waived her right and, therefore, preliminary hearing scheduled in City Court of Middletown, New York, for Friday, January 25,1985, is reasonable.
Application by the defendant for release under CPL 180.80 therefore is denied.