THE PEOPLE OF THE STATE OF NEW YORK, Respondent.
*v.* ANTHONY ROMANO, Appellant.

Argued November 30, 1938; decided January 10, 1939.

*Sydney Rosenthal* for appellant. There was no corroboration of any alleged identification of defendant-appellant. (*People* v. *Page*, 162 N. Y. 272; *People* v. *Deitsch*, 237 N. Y. 300; *People* v. *Downs*, 236 N. Y. 306; *People* v. *Taleisnik*, 225 N. Y. 489; *People* v. *Plath*, 100 N. Y. 590; *People* v. *Shaw*, 158 App. Div. 146; *People* v. *Purtell*, 243 N. Y. 273; *People* v. *DeMartini*, 213 N. Y. 203; *Bullard* v. *Pearsall*, 53 N. Y. 230; *People* v. *Hickey*, 235 N. Y. 188; *People* v. *Wood*, 126 N. Y. 249; *People* v. *Murray*, 183 App. Div. 468; *People* v. *O'Farrell*, 175 N. Y. 323.) The trial court erred in permitting the District Attorney to waive opening to the jury. (*People* v. *Thomas*, 32 Misc. Rep. 170; *People ex rel. Jerome* v. *Court of General Sessions*, 112 App. Div. 424; *Munro* v. *State*, 223 N. Y. 208; *State* v. *Loeb*, 190 S. W. Rep. 299; *State* v. *Florane*, 154 So. Rep. 417; *State* v. *Honig*, 78 Mo. 249.)

*Charles P. Sullivan, District Attorney* (*John H. W. Krogmann* of counsel), for respondent. There was sufficient legal corroboration. (*People* v. *DeNigris*, 157 App. Div. 798; *People* v. *Panyko*, 16 N. Y. Crim. Rep. 438; 71 App. Div. 324; *People* v. *Powell*, 4 N. Y. Crim. Rep. 585.) There was no error in the People's case in the waiving of their right to open. (*People* v. *Reilly*, 49 App. Div. 218; 164 N. Y. 600; *People* v. *Van Arsdale*, 242 App. Div. 545; *People* v. *Van Zile*, 73 Hun, 534.)

LOUGHRAN, J. The appellant stands convicted of rape in the first degree. It was claimed by the People that the prosecutrix had been criminally defiled on a single occasion

by each of a group of men. Whether the appellant was one of the perpetrators was in his case the major issue. The prosecutrix identified him as one of her assailants and swore he had raped her when her powers of resistance had been beaten down in an effort to repulse the others.

(1) This testimony needed the support of other evidence (Penal Law, § 2013) which, we think, was lacking. A codefendant was the only witness relied on to corroborate the charge made by the prosecutrix against the appellant. This witness disappointed the People by asserting his inability to remember the occasion described in the indictment. Thereupon the People — in an attempt at impeachment — were permitted to examine the witness respecting an extra-judicial statement previously made by him. Apparently the courts below thought the witness admitted in his testimony that his prior statement had mentioned the appellant to the District Attorney as a joint principal in the crime. We cannot agree to that interpretation of the record. The witness repeatedly denied that in his prior statement he had so named the appellant and we do not find in his testimony any contrary concession.

No inconsistent prior utterance of the codefendant was admissible unless it had been sworn to or subscribed by him. (*Bennett* v. *Crescent Athletic-Hamilton Club*, 270 N. Y. 456; Code Crim. Proc. § 8-a; Civ. Prac. Act, § 343-a.) The statement as to which he was examined was not offered in evidence nor was its form or content disclosed. Consequently there is no occasion to consider whether sufficient support of the prosecutrix would have been supplied by an admissible self-contradictory statement of the witness — a statement the assumed tenor of which would have established his status as an accomplice. (See 2 Wigmore on Evidence [2d ed.], § 1018; Code Crim. Proc. § 399.) At all events, there was on this record a failure of support for the testimony which the prosecutrix gave against the appellant.

(2) Over objection by the appellant, the People were allowed to waive any opening of the case to the jury. We cannot countenance this departure from long standardized forms of law in trials for felony. (See Code Crim. Proc. § 388; *People* v. *Benham,* 160 N. Y. 402, 432; 1 Chitty on Criminal Law [5th Am. ed.], p. 555. The different holding in *Johnson* v. *Commonwealth* [111 Va. 877] turned upon the text of a statute quite unlike our own.) While the reading of a detailed indictment might conceivably serve the purpose of an opening (cf. *People* v. *Reilly,* 49 App. Div. 218; 164 N. Y. 600), we are not disposed to encourage even that procedure.

The judgments should be reversed and a new trial ordered.

CRANE, Ch. J., LEHMAN, O'BRIEN and FINCH, JJ., concur; RIPPEY, J., concurs on the second ground only; HUBBS, J., taking no part.

Judgments reversed, etc.