THE NEW ENGLAND MADE ICE CREAM CORP., Respondent, v. FOREMOST DAIRIES, INC., OF NEW YORK, Appellant.— Action for damages for alleged breach of contract relating to the sale of ice cream and similar products. Order granting plaintiff's motion for an examination of the defendant before trial and permitting a discovery and inspection of defendant's books, documents and records, in order to enable plaintiff to comply with defendant's demand for a bill of particulars, affirmed, with twenty dollars costs and disbursements; examination and inspection to proceed on five days' notice. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

FREDERICK E. OSTWALT, Respondent, v. ISIDOR GOLDBERG and ROSE GOLDBERG, Appellants, and Others, Defendants.— Order denying appellants' motion to vacate the note of issue and dismiss the complaint for failure to prosecute affirmed, without costs. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELLA F. ABINETTE, Appellant.— Judgment convicting the defendant of a violation of Ordinance No. 6 of the Town of Brookhaven, regulating and restricting the keeping of swine, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH ABINETTE, Appellant.— Judgment convicting the defendant of a violation of Ordinance No. 6 of the Town of Brookhaven, regulating and restricting the keeping of swine, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL VARIO, Appellant.— Judgment of the County Court of Queens county, convicting appellant of the crimes of rape in the first degree and assault in the second degree, reversed on the law and the facts and a new trial ordered. Although we regard the testimony of Millie Handelman in particular as furnishing all necessary corroboration, and the proof in general as amply warranting the conviction, yet the failure of the assistant district attorney to make an opening (Code Crim. Proc. § 388; *People v. Romano*, 279 N. Y. 392), his persistent and gratuitous comments during the course of the trial and the inflammatory summation, with covert references to the failure of the defendant to testify, require reversal and a new trial. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HELEN B. INGALLS, Respondent, v. PAUL BANKSON, as Commissioner of Assessment and Taxation of the City of New Rochelle, and Others, Appellants.— In a proceeding to review tax assessments on relator's property for the years 1936 and 1937, final order and judgment modified by striking out the $40,000 taxable valuation in the first decretal paragraph and substituting the valuation $59,775 therefor and by adjusting the figures in the second decretal paragraph accordingly; and, as thus modified, the final order and judgment is unanimously affirmed, without costs. The order confirming the referee's report, etc., upon which the final order and judgment was entered, is similarly modified, and, as modified, is unanimously affirmed, without costs. No opinion. Findings of fact numbered " Third " and " Fourth " are reversed and all conclusions of law disapproved. New findings and conclusions will be made. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ. Settle order on notice.