Carswell, J.
The "action is for a declaratory judgment in respect of plaintiff’s rights under certain zoning ordinances.
Plaintiff is the owner of a parcel of land in Atlantic Beach, Long Island, located, under the zoning ordinances, in a business district. The property has a beach frontage of some 210 feet on the ocean. He conducts a commercial venture thereon which consists of a restaurant and certain bathhouses and cabanas. ' The use of the latter is had under the device of conducting the enterprise for profit as a nominal “ club.” Some of the bathhouses and cabanas on the property were destroyed in the hur- . ricanes of 1938 and 1944. In 1945 he made application to the defendant building inspector for a permit to erect six cabanas as superstructures on existing cabanas. This application was denied on the ground that the zoning ordinance had been revised in 1942, and such structures were no longer a conforming use. Purporting to act under article 7, section X-1.14, of the Building Zone Ordinance of the Town of Hempstead, he applied to the defendant Board of Zoning Appeals for a special exception permit to erect the cabanas. This was denied and'in a certiorari . proceeding the determination was confirmed. In the meantime he had erected the cabanas without a permit. He was subjected to a criminal prosecution, in which he pleaded guilty and" was fined, and was directed to remove the structures from the property.
Plaintiff then brought this action for a declaratory judgment, asserting for the first time that the ordinance referred to was unconstitutional and void as to him and asking Tor a declaration that he was, therefore, entitled to maintain the six cabanas on his property. He had a judgment in his favor granting inter alia the foregoing relief.
The plaintiff was entitled to maintain an action for a declaratory judgment in the absence of any procedural bar based on the belated invoking of the invalidity of the ordinance, since a sitúa *33 tion existed where V a genuine controversy existed, and the parties were unahle to determine definitely the nature which the litigation should assume ” (Woollard v. Schaffer Stores Co., 272 N. Y. 304, 312), even though he had proceeded with the construction (Village of Mill Neck v. Nolan, 233 App. Div. 248), if it be found that he acted in good faith.
A person may waive a right conferred upon him by statute or guaranteed to him by the Constitution (Giovanniello v. Germeroth, 243 App. Div. 624; Musco v. United Surety Co., 196 N. Y. 459, 464; Cancemi v. The People, 18 N. Y. 128, 136), although he may not waive it if a question of public policy or public morals is involved, as' in a criminal case. (Cancemi v. The People, supra, p. 138; People v. Miles, 289 N. Y. 360; People v. Romano, 279 N. Y. 392.) A. challenge to the validity of a zoning ordinance, based oh a person’s claimed constitutional rights, concerns a private right and may be waived by not being invoked. (Matter of Thomas v. Board of Standards & Appeals, 263 App. Div. 352, 358.) However, the failure to invoke such a claimed constitutional right in a proceeding in certiorari has been held not to bar a separate action to have the zoning ordinance involved declared unconstitutional- (Arverne Bay Construction Co. v. Thatcher, 278 N. Y. 222); hence this action fey: a declaratory judgment may be maintained.
The 1942 ordinance with xvhich we are here concerned prohibits any use in a business district other than the uses enumerated. The only user authorized as an absolute right which plaintiff is maintaining is that of a restaurant. There is no express enumeration of an authorized user of plaintiff’s land asa“ Place of Amusement ”, or for bathhouses or cabanas. In the challenged subdivision there is a provision that certain enumerated uses may be permitted “ asa special exception by the Board of Appeals ”. Among these enumerated “ special exception ” uses is a “ Place of Amusement ” incidental to which or as part of which, cabanas may be authorized by special exception.
If we assume, without deciding, that section X-1.14, the special exception section, is unconstitutional and void because it does not contain a standard according to which the discretionary power,delegated is to be exercised (Village of Saratoga Springs v. Saratoga Gas, etc., Co., 191 N. Y. 123; Panama Refining Co. v. Ryan, 293 U. S. 388), this would not result in any absolute right arising in plaintiff to erect the cabanas, because the uses enumerated as of absolute right do not include a “ Place of Amusement ” or recreation facilities incident thereto, such as bath *34 houses and cabanas. The town board may limit uses to which property may be devoted and may exclude what would otherwise be appropriate uses (Kraft v. Village of Hastings-on-Hudson, 258 App. Div. 1060, affd. 285 N. Y. 639; Matter of Wulfsohn v. Burden, 241 N. Y. 288) unless it be established that the property may not be profitably used for the enumerated conforming uses. (Arverne Bay Construction Co. v. Thatcher, supra.) There is no proof in the record that this property cannot be profitably used for the existing uses, apart from the added use relating to the six cabanas here involved. (Matter of Otto v. Steinhilber, 282 N. Y. 71.)
If, purporting to act under the assumed illegal zoning section, others have been given permission by the town board to erect nonconforming structures, that fact does not entitle plaintiff to a similar illegal exercise of discretion, if such it be. In such a situation the. zoning ordinance does not oppress the plaintiff. “ Exercse of discretion in favor of one confers no right upon another to demand the same decision ” (Matter of Larkin Co. v. Schwab, 242 N. Y. 330, 336).
The only basis upon which a judgment for the plaintiff may be sustained, so far as is indicated by this record, is that the six cabanas in question are merely a replacement of a nonconforming use which existed prior to the enactment of the 1942 ordinance. The trial court did not decide the disputed question of fact on this issue. If they are in fact bona fide réplacements, in the absence of statutory provisions prohibiting this type of structure, and if it should be established that this form of replacement is the practical and expedient form of replacement because of the hazards to which the prior structures were subjected, then the right to enjoy such form of structure or replacement might be found to be possessed by the plaintiff. (People v. Perkins, 282 N. Y. 329; Matter of Empire City Racing Assn. v. City of Yonkers, 132 Misc. 816; Seattle Trust Co. v. Roberge, 278 U. S. 116.)
The judgment should be reversed on the law and the facts and a new trial granted, with costs to abide the event, to enable the parties to adduce their proof on find obtain a determination of this issue in respect of whether or not the six cabanas may be permitted as a replacement of a prior nonconforming use.
Hagarty, Acting P. J., Johnston, Nolan and Sneed, JJ., concur.
Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. -