THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BURTON GRAHAM, Appellant.— Defendant, after trial upon an indictment charging him with murder in the first degree, in effecting the death of his estranged wife, was convicted of murder in the second degree. Essential to the conviction, of course, was proof of defendant's "design to effect the death". (Penal Law, § 1046.) Such is to be found, if at all, in statements taken from defendant by the authorities and by inference from two so-called suicide notes which defendant is alleged to have prepared, typing his wife's purported signature thereon. In the first statement, which is in question and answer form, defendant repeatedly denied any intention to kill his wife; denied that he knew that she was dead when he left her, if, in fact, she was; and described his anger and a long and bitter quarrel, during which he received numerous severe scratches or minor lacerations, as was graphically demonstrated by photographs offered by the People. Some six days after his arraignment defendant was interrogated in his jail cell by police authorities and a statement far more damaging than his prior one was taken and reduced to writing. This statement and the suicide notes, which were identified by it, were offered together and defendant's counsel, after reserving his right to cross-examination, stated with respect to them, "I have no objection for what they are worth", but subsequently moved to strike out the suicide notes. It is now beyond dispute that "any statement made by an accused after arraignment not in the presence of counsel * * * is inadmissible." (People v. Meyer, 11 N Y 2d 162, 165.) The suicide notes were likewise inadmissible, since their identification and reception in evidence were predicated solely upon such a statement, illegally obtained. Neither the Trial Judge nor either counsel is subject to criticism in this connection, however, as the reception of exhibits of this nature had not been expressly inhibited by decisional law, as it was by the Meyer decision (supra) subsequently handed down. It seems clear to us that the illegal evidence introduced upon the trial gave rise to substantial prejudice. These long, detailed notes, with their repeated recitals, allegedly composed by defendant, of the wife's intimacies, whether fictional or not, as well as the prolonged and perhaps depraved scheming evident in their fabrication, seem to us of such clearly inflammatory and prejudicial nature and effect as to require reversal of the judgment. The absence of objection or exception does not vitiate our right, nor relieve us of what we conceive to be our clear duty to reverse for injustice so manifest and so substantial (Code Crim. Pro., § 527; People v. Kelly, 12 N Y 2d 248, 250; People v. West, 12 N Y 2d 1090) and, in a proper case, to modify the judgment of conviction (Code Crim. Pro., § 543). The evidence, exclusive of the postarraignment statement and the suicide notes dependent upon it, is insufficient to sustain a conviction of murder in either degree; and we are therefore constrained to exercise our power to modify the judgment. Judgment modified, on the law and the facts and in the interests of justice, so

as to delete the provisions thereof convicting defendant of; and sentencing him for the crime of murder in the second degree and so as to convict him of the crime of manslaughter in the first degree, for which he is sentenced to imprisonment in Attica State Prison for a term of not less than 10 years nor more than 20 years, and, as so modified, judgment affirmed. Settle order. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur; Herlihy, J., dissents in the following memorandum: If it was not for what I consider to be substantial and prejudicial error in admitting in evidence at the trial the postarraignment statement of the defendant and the suicide notes, I would vote to affirm the judgment of conviction of murder, second degree, as found by the jury. The legal evidence, contained in the record on appeal, presents factual issues sufficient, in my opinion, to justify a verdict of murder, second degree, if so found by a jury. Accordingly, I vote to reverse, on the law and the facts, and grant a new trial.