Liston F. Coon, J.
The issue before the court in this case presents the entirely novel question — so far as can he determined — whether a defendant whose conviction for second degree murder was modified by an appellate court to one of first degree manslaughter and then overturned in collateral proceedings may he retried on the murder count or is protected by the double jeopardy provisions of the State and Federal Constitutions.
This case is presently before the court for retrial pursuant to permissive mandate of the United States Court of Appeals, Second Circuit (United States ex rel. Graham v. Mancusi, 457 F. 2d 463, decided Jan. 28, 1972). The People contend that *671 defendant be retried for murder in the second degree. Defendant maintains that the highest charge for which he may be retried is manslaughter in the first degree.
Defendant was charged in 1961 in a one-count indictment with the first-degree murder of his wife. He was tried and found guilty by a jury of murder in the second degree. Crucial to the prosecution in the case were two inculpatory statements given to the police by the defendant. The first was made on the day of the discovery of the wife’s body and prior to any arrest. (It is to be pointed out here that the parties were estranged and living at separate addresses.) The second, and more damaging statement, was given six days later after the defendant had been arrested and held in the county jail and before counsel had been assigned.
By the time defendant’s appeal was heard, the Court of Appeals had ruled in People v. Meyer (11 N Y 2d 162). The effect was to vitiate the trial evidence of defendant’s post-arrest and post-arraignment inculpatory statement.
The Appellate Division, Third Department, concluded that without the inadmissible evidence the conviction could not be sustained. Exercising its authority under section 543 of the then applicable Code of Criminal Procedure, the court modified the judgment so as to delete the conviction and sentence for murder in the second degree and to convict the defendant of manslaughter in the first degree and impose a new sentence. As so modified the judgment was affirmed (People v. Graham, 20 A D 2d 949). Thereafter defendant’s leave to appeal was denied. Collateral proceedings not important to the issue here were subsequently conducted in State court (27 A D 2d 203, affd. 27 N Y 2d 616).
In 1964, defendant Graham filed a pro se habeas corpus petition in the Federal District Court for the Western District of New York. Being there unsuccessful, he appealed from the denial of his application. The Federal appellate court recently determined that the Appellate Division had improvidently exercised its powers of modification in a case where evidence necessary to conviction for the more serious offense had been unlawfully received. It reversed the order of the District Court, with directions to issue the writ unless the defendant be retried within 60 days from the issuance of its mandate or within such further time as the District Court might allow. The court’s decision does not state nor is there any intimation as to the offense for which the defendant may be retried.
*672 There can be no question but that the defendant may not be retried for the original charge of murder in the first degree, that issue having once been considered by the jury. Under the double jeopardy provisions of the Constitution of the State of New York (art. I, § 6) and the Fifth Amendment of the United States Constitution, where a defendant was convicted of a lesser degree of a crime and the jury was silent as to a higher degree of the same crime, he may not be retried for the higher degree following a successful appeal (People v. Jackson, 20 N Y 2d 440; People v. Ressler, 17 N Y 2d 174; People v. Smith, 26 A D 2d 588; Green v. United States, 355 U. S. 184 [1957]; Price v. Georgia, 398 U. S. 323 [1970]; United States ex rel. Hetenyi v. Wilkins, 348 F. 2d 844 [1965], cert. den. 383 U. S. 913).
The Fifth Amendment guarantee against double jeopardy is enforceable against the States through the Fourteenth Amendment (Benton v. Maryland, 395 U. S. 784 [1969]) and is retroactive (Price v. Georgia, 398 U. S. 323, supra).
The defendant would extend the same provisions to the situation here and say that, through the medium of our State’s appellate procedure, a modification of a conviction to a lower degree is an “ implied acquittal ” of the offense for which the defendant was convicted and that that degree of the offense may not be the subject of a retrial.
Subdivision 2 of section 543 of the Code of Criminal Procedure provided at the time of the original appeal in this ease that, ‘ ‘ Upon hearing an appeal from a judgment of conviction of a felony where, in its opinion, the record does not sustain the judgment with respect to the degree of crime found but does warrant a judgment of conviction of a lesser degree of such crime, or of a misdemeanor, the appellate court may modify and correct the judgment in accordance with its opinion, in whole or in part, and affirm the judgment as so modified and corrected.”
This authority reposed in our criminal procedural statutes for many years and has been utilized in homicide cases not only by our intermediate appellate tribunals (e.g., People v. May, 9 A D 2d 508; People v. Ramos, 20 A D 2d 882) but by the Court of Appeals as well (e.g., People v. Monaco, 14 N Y 2d 43; People v. Gunner, 27 N Y 2d 678).
No reported ease has been found, however, where, following such a modification, a new trial has been ordered, either through direct appeal or collateral attack, in which the issue of double jeopardy was raised.
*673 The plea of double jeopardy in a criminal prosecution is synonymous with the terms former jeopardy, former acquittal, previous prosecution, and autrefois acquit. By whatever term, the defendant contends here that he may not be tried for second-degree murder. He maintains that he has been acquitted of that charge and is protected against a reprosecution.
But it has long been established as part of our constitutional jurisprudence that the guarantee against reprosecution imposes no limitation where a defendant has succeeded in getting a new trial after his first conviction was set aside (United States v. Ball, 163 U. S. 662 [1896]). Decisional law in this State is in accord with the doctrine (People v. Palmer, 109 N. Y. 413; People v. Ercole, 4 N Y 2d 617).
Several theories may be advanced for support of this principle and have found acceptance by various courts. One is that a defendant by successfully pursuing an erroneous conviction has waived the protection against being retried which the former judgment gave him. Secondly, a retrial because of error in the first trial is simply a continuation of the initial prosecution. A third concept is that the defense of double jeopardy is not aimed at successive trials but successive prosecutions and that there is a single continuing jeopardy until the final settlement of the original prosecution. (See State v. Schmear, 28 Wis. 2d 126.)
And it makes no difference whether the new trial comes about through direct appeal or collateral attack (United States v. Tateo, 377 U. S. 463 [1964]).
To follow defendant’s theory here would mean to split in half our State court’s modified judgment. It would mean that double jeopardy applies to one part and not to the other. The word “ modify ” means to moderate or to change the form. It does not create a new entity for double jeopardy purposes. Differently stated, the defendant, by seeking collateral relief from an appellate judgment cannot on one hand assert that the court’s action was a nullity and on the other hand claim partial validity for purposes of determining the degree of offense for which he is to be retried. Even assuming that thg court’s action could be called an “ acquittal” with respect to the higher crime, in an appellate context it would have to be a relative term. An intermediate appellate court could reverse a judgment and dismiss the indictment, which would have the same immediate results as an “ acquittal ”, but a higher appellate court could reverse and order a new trial without offending double jeopardy principles (People v. Bellows, 281 N. Y. 67).
*674 A further possible contention is that the appellate court determined that, without the inadmissible evidence received at trial, there was insufficient evidence to convict for second-degree murder and, therefore, double jeopardy bars a retrial.
Such is not the case. Our State courts have held that where evidence at the first trial was insufficient, a new trial may be ordered (People v. Lee, 308 N. Y. 302; People v. Bearden, 290 N. Y. 478; People v. Guardino, 286 N. Y. 132; People v. Romano, 279 N. Y. 392).
While these cases, and others examined, do not deal with the double jeopardy aspect, that issue was considered by the United States Supreme Court in Bryan v. United States (338 U. S. 552 [1950]) and answered in favor of the prosecution.
It should be pointed out that under current appellate practice in New York the result would be different. CPL 470.20 (subd. 2) now requires that “ Upon a reversal of a judgment after trial for legal insufficiency of trial evidence, the court must dismiss the accusatory instrument.” This, however, is a matter of statutory favor to a defendant and is not grounded upon any constitutional basis.
Lastly, in no way may the action of the Appellate Division be regarded as a nonjury trial which, through acting on the trial record, acquitted the defendant of the offense of murder in the second degree. It is a general requirement that for jeopardy to attach there must be a trial (Collins v. Loisel, 262 U. S. 426 [1923]; Hunter v. Wade, 169 F. 2d 973, affd. 336 U. S. 684 [1949]). This presupposes a trial by a jury, a court-martial or some other duly constituted tribunal, or a nonjury trial through a proper waiver. In New York, waiver of a jury in a felony case may be accomplished only by a written waiver executed by the defendant in open court (N. Y. Const., art. I, §2).
The recent Supreme Court case of United States v. Jorn (400 U. S. 470 [1971]), relied upon by the defendant, is not applicable. That case, which the court was careful to poiht out rested upon the circumstances of that prosecution, involved a situation where the trial was aborted prior to verdict without the defendant’s consent. That is not the case here where the retrial has been brought about at the instance of the defendant.
This court, therefore, holds that for purposes of the retrial of this defendant, under the circumstances here obtaining, there is no double jeopardy barrier to his being retried on the charge of murder in the second degree.