Wachtler, J.
In 1961 the defendant was indicted for murder in the first degree and convicted of murder in the second degree. In 1964 the Appellate Division, Third Department (20 AD2d 949), held that certain evidence should have been suppressed and without it there was insufficient proof to establish murder in either degree, but enough to sustain a conviction for manslaughter in the first degree. Pursuant to subdivision 2 of section 543 of the Code of Criminal Procedure now CPL 470.15 (subd 2, par [a]), they modified "on the law and the facts and in the interest of justice” by reducing the conviction to the lesser included offense.
Leave to appeal to this court was denied but the defendant pursued the matter into the Federal courts. In 1972 the Second Circuit Court of Appeals held that the defendant was deprived of his constitutional right to a trial when the Appellate Division summarily reduced the conviction to first degree manslaughter. Under the circumstances, the court concluded, defendant should have been granted a new trial because there was no way of knowing what the jury would have done if the inadmissible evidence had not been before them (United States ex rel. Graham v Mancusi, 457 F2d 463).
The People then moved the case for retrial on the charge of murder in the second degree. The defendant protested, claiming that the highest crime for which he could be retried was manslaughter in the first degree. The problem, as the trial court noted in an opinion (People v Graham, 69 Misc 2d 670, 671) was that the Federal "court’s decision does not state nor is there any intimation as to the offense for which the defendant may be retried”. The trial court correctly observed that retrial for murder in the first degree, the crime charged in the indictment, was out of the question. By convicting the defendant of the lesser crime, the jury at the first trial had impliedly acquitted him of the crime charged and any retrial for that offense was prohibited by the double jeopardy clause (Green v United States, 355 US 184; People v Ressler, 17 NY2d 174) and by statute (CPL 470.55, subd 1, par [a]). However the *636 court concluded that by seeking a new trial the defendant could not object to being retried for murder in the second degree (69 Misc 2d, supra, at p 673).
The defendant was then retried for murder in the second degree and convicted of that crime. On appeal the Appellate Division once again modified by reducing the conviction to manslaughter in the first degree. On this occasion however, the second degree murder conviction was not set aside for legal insufficiency but rather because the court held that the double jeopardy provision of the Fifth Amendment had been violated. "[T]hat provision of the Constitution was clearly violated by defendant’s retrial on the charge of murder in the second degree since the earlier decision of this court (20 AD2d 949) modifying the judgment so as to convict him of manslaughter in the first degree, and the subsequent denial of leave to appeal to the Court of Appeals, had the same finality as that of a verdict of acquittal of the greater charge” (43 AD2d 182, 188).
Both sides have appealed to our court from this order.[1]
On the appeal by the People it is argued that the conviction for murder in the second degree should be reinstated since the order of the Appellate Division on the first appeal (20 AD2d 949) setting aside the conviction on that charge for legal insufficiency is not equivalent to an acquittal. Thus, the argument continues, it was subject to further review and if reversed, poses no bar to retrial on that charge. Stated in its simplest terms this branch of the appeal raises two questions: (1) What was the effect of the first Appellate Division order setting aside the conviction for murder in the second degree and (2) What was the effect of the Federal court order granting a new trial.
As to the first question, it is elemental and historical that the People cannot appeal from a verdict of acquittal (United States v Ball, 163 US 662). But an order setting aside a conviction is not an acquittal in the strict sense of the word. Such an order is appealable, and if reversed on appeal, there is nothing to prevent the prosecutor from retrying the defendant (Forman v United States, 361 US 416; United States v *637 Wilson, 420 US 33 2).,[2] However, if it is not reversed then the defendant may not be tried again for the offense on which the conviction was set aside (United States v Sisson, 399 US 267, 290, n 18; United States v Wilson, supra, at p 4307).
The crucial question then is whether the subsequent order of the Federal court granting a new trial, reversed the order of the Appellate Division. The trial court assumed that it did (69 Misc 2d 670) and the Appellate Division held, in effect, that it did not (43 AD2d 182). The confusion, no doubt, arises from the fact that the first Appellate Division order modifying the judgment necessarily involved two separate determinations regarding two distinct crimes (1) murder in the second degree, which was effectively reversed and dismissed and (2) manslaughter in the first degree, the lesser included offense as to which the conviction was affirmed.
It is clear enough that the Federal court order effectively nullified the second determination. Its effect on the first determination is more obscure. In directing a new trial the Federal court certainly did not expressly resurrect the charge which the Appellate Division had set aside if indeed it could— and the question arises as to whether its order should nevertheless be given this effect. In other words, does an order granting a new trial nullify in its entirety any intermediate appellate court order.
The defendant argues that it cannot have this effect for if it did, he would, be placed in an "incredible dilemma” (Green v United States, 355 US 184, 193) forcing him to choose between accepting an unconstitutional judgment or appealing it and subjecting himself to the possibility of having the more serious charge, which was set aside on the intermediate appeal, restored upon retrial. This he claims places an unconstitutional premium on the right to appeal and violates his rights under the double jeopardy clause. The People argue that under the "continuing jeopardy” principle (United States v Ball, 163 US 662, supra; Green v United States, supra) it is constitutionally permissible to hold that a grant of a new trial completely invalidates—and thus strips the defendant of the benefits—any intermediate appellate court order.
*638 Before we can reach the question as to whether the Constitution would deny this effect to an order granting a new trial, we must first consider whether it would be permitted to have such effect under current State law. The People have assumed that it must necessarily. Their case seems to rest on two interrelated premises: (1) a New York intermediate appellate court’s order is indivisible and (2) an order granting a new trial completely wipes the slate clean and restores the parties to the position they were in prior to the first trial.
In holding that the defendant could be reprosecuted for murder in the second degree the trial court held that the modified judgment of the Appellate Division could not be "split in half’. The defendant could not, the court stated, "on one hand assert that the court’s action was a nullity and on the other hand claim partial validity for purposes of determining the degree of offense for which he is to be retried” (69 Misc 2d 670, 673). This is not so. Our court has long recognized that a modified judgment gives rise to cross appeals. The defendant may appeal from that part of the order which adversely affects him, and the People may appeal the remainder (see, e.g., People v Mishkin, 15 NY2d 671, supra; People v Renner, 16 NY2d 645). This is immediately, and perhaps best illustrated by the cross appeals which are now before us. Indeed, if the People had not appealed, or had failed to do so properly, we could only consider the defendant’s points (see, e.g., People v Birmingham, 16 NY2d 878) and of course the converse is equally true. As a matter of general principle then, there is nothing offensive in the notion that an appellate order modifying a conviction may be partially invalidated. The final question is whether an order granting a new trial must necessarily have a different effect.
At one time this State followed the rule that an order granting "a new trial places the parties in the same position as if no trial had been had” (Code Crim Pro, § 464), although in practice the slate was never as clean as the rule suggested (see People v Jackson, 20 NY2d 440, 447, 448). The statute in effect when the defendant was retried in 1972 (CPL 470.55, subd 1) recognized two general exceptions: "Upon a new trial of an accusatory instrument resulting from an appellate court order reversing a judgment and ordering such new trial, such accusatory instrument is deemed to contain all the counts and to charge all the offenses which it contained and charged at the time the previous trial was commenced, regardless of *639 whether any count was dismissed by the court in the course of such trial, except (a) those upon or of which the defendant was acquitted or deemed to have been acquitted, and (b) those dismissed upon appeal or upon some other post-judgment order.” (Emphasis added).
Clause (b) makes it quite clear that an order granting a new trial has no effect on a charge which was dismissed after judgment had been entered. The implications are equally clear. Unless the dismissal is expressly reversed and the count restored for retrial at the final appellate level, the courts of this State lack the power to retry the defendant on such a charge. The mere granting of a new trial on another count, without more, will not restore a charge which has been dismissed "upon appeal or upon some other post-judgment order.” Thus when the defendant was retried in 1972, that portion of the order of the Appellate Division setting aside the conviction for murder in the second degree—which then necessarily carried with it a dismissal of the charge (CPL 470.20, subd 3; People v Crimmins, 36 NY2d 230)—was still in effect since it had never been expressly nullified. Upon the second trial then, the court lacked the power to try the defendant for murder in the second degree and the Appellate Division properly set the conviction aside.
On the cross appeal the defendant challenges the conviction for manslaughter in the first degree claiming that it should be reversed and dismissed or, in the alternative, a new trial granted on that charge.
First he urges dismissal of the charge relying on Fong Foo v United States (369 US 141). In that case the trial court entered a judgment acquitting the defendants of all charges which was overturned on appeal. The Supreme Court held that the defendants could not be retried on those charges following the judgment of acquittal at trial. The holding is said to be applicable here because the Appellate Division’s first order was equivalent to an acquittal thus barring any reprosecution. The defendant however is clearly making the same mistake as the People on their appeal by failing to take into account the two distinct aspects of the original Appellate Division modification. As we have noted it was only that portion of their order relating to the charge of murder in the second degree which was equivalent to an acquittal. Insofar as the lesser included offense of first degree manslaughter is concerned, the conviction was affirmed. Although the defend *640 ant ultimately succeeded in having that conviction nullified in the Federal courts, this of course does not preclude, retrial (United States v Ball, 163 US 662, supra).
In the alternative the defendant requests that the conviction be set aside and a new trial granted because he has never been tried for manslaughter in the first degree. He, quite naturally, agrees that the conviction for second degree murder cannot be sustained, and he does not dispute the fact that the proof at trial was sufficient to establish his guilt of the lesser included offense of manslaughter, first degree. Under these circumstances CPL 470.15 (subd 2), like its predecessor subdivision 2 of section 534 of the Code of Criminal Procedure, permits an appellate court to reduce the conviction to the lesser degree (see, e.g., People v Gunner, 27 NY2d 678).
It is true, of course, that when the Appellate Division invoked this statute on the first appeal, the Federal court found that the defendant’s constitutional rights had been violated. That decision however, was predicated on the fact that the proof at the first trial had included certain inadmissible evidence and "it is sheer speculation what the jury would have done if the [inadmissible evidence] had not been before it” (United States ex rel. Graham v Mancusi, 457 F2d 463, 468, supra ). At the second trial this tainted evidence was not admitted and the Federal court noted (p 468) that "In such a case there is no unfairness in the appellate court’s modifying the judgment to the lesser offense, of which the jury could properly have convicted and surely would have, although it may well be that, even in such a case, the defendant is constitutionally entitled to a new sentencing”. (See, also, People v Pilat, 29 NY2d 777.) Consistent with the Federal court’s suggestion and CPL 470.20 (subd 4), the Appellate Division has remanded for resentencing.
For these reasons the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Fuchsberg concur; Judge Cooke taking no part.
Order affirmed.

. This order originally stated that the modification was "on the law, in the exercise of discretion, and in the interests of justice.” However after argument we remitted the order for clarification (35 NY2d 977). The Appellate Division has now amended its order to indicate that the modification is on the law alone (48 AD2d 766).

. Similarly in this State there is no general impediment to the prosecutor’s seeking further review of an order setting aside a conviction (see, e.g., People v Nappi, 18 NY2d 136; People v Klose, 18 NY2d 141; People v Mishkin, 15 NY2d 671), although our Legislature has not authorized such an appeal in every case (CPL 450.90, subd 2).