■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL FOSTER and KATHLEEN PAOLO, Respondents.—Order, Supreme Court, New York County (Herman Cahn, J.), entered June 19, 1987, which granted the motion of the defendants-respondents Daniel Foster and Kathleen Paolo to set aside their convictions of grand larceny in the second degree, rendered after a jury verdict on August 28, 1986, reversed, on the law and the facts, the said convictions reinstated and the matter remanded for sentence.

The facts which led to the conviction for grand larceny in the second degree are as follows. The defendants and the complainant Mia Prior had been members of the Provisional Party of Communists (The Party) since 1975. Prior had stayed at various premises owed by The Party including, on occasion, one located at 415 East 12th Street in Manhattan. On July 26, 1984 Prior left The Party, apparently taking with her only those things which she could carry from her last residence at 145 West 55th Street.

On July 31, 1984 a forged check on Prior's account in the sum of $7,700 was cashed. The check was made payable to "Harold Jones". The testimony at trial was that defendant Foster arranged to have two employees of his law firm, Mark Orrisch and Harold Jones, take the check to the bank and cash it. Foster was then given the proceeds of the check. At the time the check was cashed, a letter of authorization,

allegedly signed by Prior but also forged, was presented to the bank. An investigation followed which led to convictions of the defendants on charges which ware not the subject of this appeal.

During the pendency of the investigation for the forged check charges, defendant Foster arranged to have two civil actions commenced against Prior. In the action which led to the grand larceny convictions under review here, the law firm of which defendant Foster was a member sued Prior for legal fees. On September 11, 1984 a summons was served on James Rosenberg at 415 East 12th Street and a copy of the summons mailed to Prior at that address. A notice of default was mailed to Prior on September 22, 1984 at 3657 Broadway but, after consulting with her attorney, Prior did not accept the letter containing the notice of default. Subsequently, on October 25, 1984, a default judgment was entered against Prior and an execution issued. The Sheriff executed on the judgment, obtaining approximately $7,800 from Prior's bank account. The money was given to defendant Paolo, the attorney in the action, and she gave the money to defendant Foster.

On the same day that the summons was served in the action for legal fees, September 11, 1984, defendant Foster caused a summons to be served in an action against Prior for medical fees. The summons in that action was served at 3657 Broadway, not at the 12th Street address, upon a friend of Prior because it was believed that Prior was living there. An answer was later served in the action.

Defendants were convicted, among other things, of grand larceny in the second degree in violation of Penal Law § 155.35 which read at that time, "A person is guilty of grand larceny in the second degree when he steals property and when the value of the property exceeds one thousand five hundred dollars."

The thrust of the People's case, accepted by the jury, was that the defendants committed grand larceny in the second degree when they caused a summons to be served at a place where they knew Prior was not living, obtained a default judgment and received proceeds from Prior's bank account after an execution. In setting aside that aspect of the jury's verdict, the trial court noted that an essential element of the crime of grand larceny in the second degree was that the defendant acted without the authority of law or the consent of the owner in taking property. It ruled that, as a matter of law, the defendants had the authority of law by virtue of the default judgment.

We hold that where a judgment has been obtained by the service of a summons at an address where it is known that the person sought to be served does not reside and with the intent of depriving that person of property, the judgment has been obtained without the authority of law and can serve as the basis of a grand larceny conviction. Moreover, we disagree with the trial court that because the court in the civil action for legal fees vacated the judgment without dismissing the action, it necessarily found that service was proper. There is no indication that the defendant in the civil action, Prior, sought dismissal of the action.

Finally, the defendants' argument that the People cannot appeal and that a reinstatement of the conviction subjects them to double jeopardy in violation of the Fifth and Fourteenth Amendments of the US Constitution must be rejected. CPL 450.20 (3) specifically authorizes an appeal by the People should a conviction be set aside. Moreover, there is no double jeopardy. *(See, People v Key,* 45 NY2d 111, 120 [1978]; *People v Graham,* 36 NY2d 633, 636-637 [1975].)* Concur—Murphy, P. J., Sullivan, Rosenberger and Smith, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Herman Cahn, J. *[See,* 135 Misc 2d 1029.]