OPINION OF THE COURT
Julian A. Hertz, J.
At issue in this case is the breadth of the court’s control of the preliminary proceedings on a felony complaint. This court undertakes the discussion and the rendition of a formal opinion due to the great disparity between what various counsel and courts deem to be the appropriate scope of a preliminary hearing.
The defendant was charged with violating sections 140.20 (burglary in the third degree) and 165.45 (criminal possession of stolen property in the second degree) of the Penal Law. The complaint alleges that on March 9, 1978, the defendant entered the complainant’s apartment and removed a color television and a sound system component. The evidence at the preliminary hearing disclosed that the defendant and an unidentified male arrived at complainant’s apartment residence in a taxicab. They were observed by Mr. Robert Lee Blake, the superintendent (People’s witness at the hearing), *1003 who was then standing at the building’s entrance way. He recognized the defendant, who he stated had previously resided in the building for a period of two months, not immediately prior to the incident which forms the subject of these charges.
Mr. Blake testified that he observed the defendant and her companion enter the building. He then lost sight of them. Later, he observed both of them exit from an apartment then tenanted by the complainant, carrying the afore-mentioned television and sound component unit. Mr. Blake had been working in another apartment on the same floor when he observed the two individuals exiting. Coincidentally, he left that apartment at the same time that defendant and her companion departed the subject apartment. At this point, nothing unusual was perceived by Mr. Blake, inasmuch as the defendant had been known to have the described prior association with the subject apartment.
Later, on her return to the apartment, the complaining witness discovered that the lock to her apartment had been subjected to tampering and, on gaining entrance, she found the bedroom in disarray, with the afore-mentioned items having been removed. These facts were communicated to the superintendent and/or his wife. The superintendent was the principal witness at the preliminary hearing.
In conjunction with discharging his burden of proof at the preliminary hearing, the District Attorney presented and had sworn before the court the complainant’s affidavit pursuant to CPL 190.30. Her affidavit alleged that no permission or authority had been extended to the defendant to enter her apartment or to remove her property therefrom. The Assistant District Attorney then announced his satisfaction with the presentation of evidence sufficient to establish the commission of a crime and the defendant’s connection thereto. Defense counsel, however, urged that the presence of the complainant in the courtroom permitted that, at his election, she be called as a witness and that she be subjected to cross-examination.
CPL 180.60 sets out the procedural requirements of a hearing upon a felony complaint. CPL 180.60 (subd 8) specifies that only nonhearsay evidence is admissible to demonstrate reasonable cause to believe that the defendant committed a felony. It excepts from this requisite reports of experts and technicians in professional and scientific fields and sworn statements of the kinds listed in CPL 190.30 (subds 2, 3). (The Legislature *1004 added subd 3 to the list of exceptions in CPL 180.60 [subd 8], eff June 24, 1975.)
CPL 190.30 (subd 3) lists five areas where sworn written or oral statements are admissible. The first three categories are germane to this discussion. They relate to:
"[a] [A] person’s ownership of premises [involved] * * * and * * * the defendant’s lack of license or privilege to enter or remain thereupon [as defined under criminal trespass and burglary sections of Penal Law, § 140.00];
"[b] [A] person’s ownership of, or possessory right in, property, the nature and monetary amount of any damage thereto and the defendant’s lack of right to damage or tamper with the property;
"[c] [A] person’s ownership of property * * * its value and the defendant’s lack of superior or equal right to possession thereof [as defined in the larceny section of Penal Law, § 155.00]”.
In Bellacosa, Practice Commentaries (McKinney’s Cons Laws of NY, Book 11A, Pocket Part, 1977-1978, CPL 180.60, p 40) it is stated the device of using sworn written statements instead of a witness’ actual testimony in court "enjoys both the fact and appearance of a very practical device designed to cut bureaucratic red tape and should also save the public money, time and unnecessary bother [and thus avoiding] * * * matter-of-course or perfunctory business testimony * * * before the grand jury or at a felony hearing.” The enactment of CPL 180.60 was designed to facilitate preliminary proceedings, and, more particularly, to the end of not requiring citizens to make routine personal appearances at preliminary stages of a criminal proceeding where nothing more would be contributed other than the statements included under CPL 190.30 (subd 3).
This court applauds the effectiveness of this amendment. Nonetheless, where a complainant is actually present to give testimony in open court, there is advantage in sometimes requiring that testimony be elicited. This is especially true where the testimony is requested or where, as the statute recognizes, in the specific case where the hearsay evidence is not sufficiently reliable (or where the witness is an identification witness). While there was no evidence that such affidavit was insufficiently reliable in this case, the court perceived no reasonable basis to restrict the proof (as the Assistant District Attorney suggested), solely to the sworn testimony of the superintendent and the affidavit of the complainant.
*1005 It is the court which must be satisfied as to whether or not there is reasonable cause to believe that the defendant has committed a felony as stated in CPL 180.70. (People v Martinez, 80 Misc 2d 735.) Reasonable cause is defined in CPL 70.10 (subd 2) to exist when: "evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that the offense was committed and that such person committed it.”
The preliminary hearing is not intended as a pretrial discovery device nor is it a substitute for a trial itself (People v Aaron, 55 AD2d 653; People ex rel. Pierce v Thomas, 70 Misc 2d 629).
The court notes that the use of sworn statements does not violate the defendant’s Sixth Amendment right to confront witnesses against him since that right is properly redeemable at trial. It does not extend to preliminary hearings except to the extent that the Legislature has required (People v Campbell, 92 Misc 2d 732; Matter of Davis, 88 Misc 2d 938; see, also, Scott v United States, 409 US 888; United States v Harris, 458 F2d 670).
A cautionary note is appropriate. As Mr. Bellacosa points out in the Practice Commentaries (McKinney’s Cons Laws of NY, Book 11A, Pocket Part, 1977-1978, CPL 190.30, p 56): "Caution must be maintained, however that the device [of using sworn statements of witnesses under subd 3 with a tie in to CPL 180.60 (subd 8)] does not become so popular that it leads to more and more dispensations with the result that the exceptions will consume the rule, which is founded in reason and fairness, that indictments and felony complaint hearings should be conducted with live actors. The alternative to such a rule could be paper proceedings on vitally important threshold determinations and that could be very unsatisfactory, if not downright dangerous to a balanced and fair prosecution of the criminal charge.” (Emphasis added.) This court has an interest in comporting with the spirit of a preliminary hearing and in limiting the examination to that which would aid the court in reaching a conclusion on the question whether or not there is reasonable cause to believe that the defendant committed the crime charged.
As has been stated, the apartment tenant complainant was actually present and ready to testify in open court. The court *1006 perceived no reasonable basis for relying solely on a sworn affidavit executed by the complainant when the defendant’s counsel urged that he be permitted to explore the prior relationship between the parties.
Another issue presented itself in this case. Once on the stand, the complainant established the defendant’s lack of permission or authority to enter her apartment or remove her property. On cross-examination, defense counsel attempted to go further and to conduct an exploration of animus of this complainant toward the defendant. In this connection defense counsel correctly argued that veracity is always a question open before the court. He then began directing his attention to questions leading toward the conclusion that there was bad blood between the witness and the defendant. This matter prompts this court to make a point. It is not at all unusual in dealing with a criminal charge that there will be disclosed a hostile relationship or attitude between the parties. Therefore, eliciting the fact that these parties, who had previously shared an apartment together, had a falling out, served no useful purpose at the preliminary hearing. (Although latitude on this issue may be appropriate at trial, not so at this hearing.) For that reason the court sustained objections to questions having their foundation in ill feelings which the complainant had toward defendant. The court would have ruled otherwise had the defense counsel tendered proof that the relationship between the parties had been friendly or that his client was prepared to testify as to her ownership of the premises or property in question.
In sum, the court has the inherent power in conducting a preliminary hearing to narrowly limit cross-examination to the sole issue of whether there is reasonable cause to believe that the defendant has committed a crime. It is the prerogative of this court to terminate such preliminary hearings where there is sufficient evidence to establish that fact.