OPINION OF THE COURT
Allan L. Winick, J.
Petitioner makes an application for a writ of habeas corpus to release him from confinement pursuant to CPL 180.80 or, in the alternative, conditionally release him unless the District Court Judge conducts a proper felony examination pursuant to CPL 180.60.
Petitioner, Kenneth Moore, was arrested on July 11, 1993 and charged in a felony complaint with criminal mischief in the third degree, a class E felony. Petitioner was arraigned in *682 the District Court on July 11, 1993 and bail was set in the amount of $1,000. An application was made in Part 9 on July 15, 1993 to reduce the bail. However, the District Court Judge presiding increased the bail to $2,000, at which it presently remains. On August 3, 1993 a felony examination was demanded. The examination was scheduled for August 5, 1993 before Judge Robert F. Dolan.
At the hearing, the People called as a witness Redcliff Jones. Mr. Jones testified that he was the night watchman at the community pool in Roosevelt. On July 11, 1993 at approximately 5:50 a.m., he heard a "banging outside”. He went to investigate and observed two men beating and kicking a public telephone. He later learned that one of the men’s names was Kenneth Moore. In addition, the People offered into evidence a supplemental deposition that stated the damage to the telephone is approximately $550.
At the conclusion of the direct testimony, the Assistant District Attorney stated on the record that he had nothing further. The following colloquy then occurred:
"The court: Okay. There is no cross.
"Mr. Yerman: I’d like to cross-examine this witness.
"The court: I don’t think there is any need for that.
"Mr. Yerman: We are entitled to an opportunity to cross-examine any witnesses against us. This is an adversarial procedure.
"The court: You may, but not at this hearing.
"Mr. Yerman: We are entitled at this hearing. We are entitled under the Constitution confrontation clause which provides that any defendant is entitled to cross-examine witnesses against him in adversarial proceedings.
"Secondly, I would cite 180.60 of the Criminal Procedure Law, subsection 4, which clearly states that at a felony examination the defense is entitled to cross-examination.
"The court: No, it doesn’t say that. You’re evidently reading it wrong. You may. I may. You’re not entitled to it. I may let you. In this case I don’t find any meaning.”
The discussion continued for a few more pages.
The court, at the conclusion, stated that reasonable cause has been established that the petitioner committed the crime of criminal mischief in the third degree, and he was held for the action of the Grand Jury.
CPL 180.60 (4) states: "Each witness, whether called by the *683 people or by the defendant, must, unless he would be authorized to give unsworn evidence at a trial, testify under oath. Each witness, including any defendant testifying in his own behalf, may be cross-examined.”
Petitioner contends that he is being illegally detained because he was not afforded a fair hearing. The statute states that each witness may be cross-examined. This, petitioner argues, is similar to the language used in CPL 260.30 which provides a defendant may offer evidence in his defense, and further, that CPL 670.10 provides that a witness’ testimony at a felony hearing may be admitted into evidence against a defendant at trial if the witness is unavailable and cannot be located with due diligence. In order for the former testimony to qualify for admission into evidence at trial, the record must disclose that the defendant’s right to cross-examination at the preliminary hearing was not frustrated in any meaningful way. (People v Arroyo, 54 NY2d 567, 575.)
A felony hearing is a critical stage of a criminal prosecution at which the accused has a constitutional right to the assistance of counsel, and to cross-examine the witness against him. (Coleman v Alabama, 399 US 1.) In People v Hodge (53 NY2d 313, 319), the Court of Appeals held that a preliminary hearing provides, most importantly, an occasion for an early resort to "that time-tested tool for testing truth, cross-examination, in the end and may make the difference between conviction and exoneration”.
In its research, the court found several lower court decisions. In the case of People v Staton (94 Misc 2d 1002), the court stated (at 1006): "In sum, the court has the inherent power in conducting a preliminary hearing to narrowly limit cross-examination to the sole issue of whether there is reasonable cause to believe that the defendant has committed a crime. It is the prerogative of this court to terminate such preliminary hearings where there is sufficient evidence to establish that fact.”
In People v Reed (98 Misc 2d 488), the court stated (at 489-490): "A preliminary hearing is quite limited in scope and there is a much less searching exploration into the merits of the case than on a trial. The People need only present a probable cause outline of the facts. The court may narrowly limit cross-examination. The hearing is not intended to be a form of pretrial discovery nor is it a substitute for a trial itself (People ex rel. Pierce v Thomas, 70 Misc 2d 629). The purpose *684 of a preliminary hearing is to safeguard the person charged with a felony against being improperly bound over for the action of the Grand Jury solely on the basis of a complaint (People v Staton, 94 Misc 2d 1002; People v Jackson, 48 Misc 2d 1026).”
In each of these cases, the court finds that there is inherent power to limit cross-examination due to the nature of the proceeding. However, the instant case is different. Here, the Hearing Judge precluded any cross-examination and that is where the problem was created. How is the hearing court to determine whether the cross-examination is proper without permitting the petitioner’s counsel the opportunity to ask a question. If petitioner’s counsel overstepped his or her bounds, the Hearing Judge could sustain an objection. The court has the inherent statutory power to narrow and limit cross-examination, but the statute does not prohibit cross-examination. The word "may” is permissive, subject to the constraints placed on cross-examination by the Hearing Judge. But the Judge conducting the felony examination must permit counsel the opportunity to cross-examine, albeit only with respect to the limited issue of whether there is reasonable cause to believe that the defendant has committed a crime. However, a question must be asked before a determination can properly be made. Then a determination can be made as to its relevancy.
Furthermore, Judge Dolan’s interpretation of GPL 180.60 is narrow and ignores its wording. Cross-examination is only conducted by a defense counsel at the hearing unless defendant produces a witness. The cross-examination referred to in the statute which may take place is normally conducted, not by the court but by an attorney for the defendant. The statute would then be ignored unless the statute prohibited cross-examination (which it does not), and the meaning of the word "may” would be disregarded.
Furthermore, it is interesting to note that the minutes refer to a manual for Judges in Part 9 authored by Judge Dolan, which provides that after the District Attorney presents their witness, the defense must be given an opportunity to cross-examine each witness.
This court sustains the writ to the following extent:
Unless, by August 23, 1993 (or petitioner is indicted by the *685 Grand Jury) the People produce the witness and counsel for petitioner is given the opportunity to cross-examine the witness in accordance with this determination, the petitioner shall be released on his own recognizance pursuant to CPL 180.80.