OPINION OF THE COURT
Leona Freedman, J.
Defendant appears before me in the Criminal Court for a preliminary hearing pursuant to CPL 180.60 to determine whether there is "sufficient evidence to warrant the court in holding him for the action of a grand jury” (CPL 180.10 [2]).
CPL 190.65 (1), which was recently amended, effective April 5, 1983, provides that, "a grand jury may indict a person for an offense when (a) the evidence before it is legally sufficient to establish that such person committed such offense provided, however, such evidence is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction for such offense is absent, and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense.” However, the standard for indictment at a Grand Jury is higher than that applied to hold a defendant for a Grand Jury after a preliminary hearing. (People v Martinez, 80 Misc 2d 735 [Crim Ct, NY County 1975, Berman, J.].)
The court’s sole function at this hearing is to determine whether the People have met their burden of showing reasonable cause to believe that a felony was committed and that it was committed by the defendant. (People v Torres, 99 Misc 2d 767 [Crim Ct, Bronx County 1978].)
" 'Reasonable cause to believe that a person has committed *713 an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].)
At the hearing the People offered testimony of defendant’s confession in the 6th Precinct on August 28, 1985 that he had killed someone on August 24 or 25 and had disposed of the body by throwing it through a hole in a pier near the West-side Highway and Little West 12th Street. He claimed that the victim had attacked him with a small knife and he retaliated by striking the victim in the head with a meat hook.
The People’s witness, Police Officer Treola, testified that although they have searched the river and checked with the medical examiner’s office the police have not as yet recovered the body.
It is hornbook law that a confession alone is insufficient for conviction of a crime. (See, e.g., People v Lipsky, 57 NY2d 560 [1982].) In fact CPL 60.50 reads as follows: "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.” A jury may, however, consider circumstantial evidence of the victim’s death. (People v Lipsky, supra.)
But we are not here concerned with conviction of this defendant. The only issue before me sitting as a magistrate in a preliminary hearing is whether the People have sustained their burden of proof that there is reasonable cause to believe that a crime was committed and that the defendant committed it. (See, People v Landon, 147 Misc 642 (NY City Magistrate’s Ct 1933].) The confession herein is highly persuasive. As set forth by Dean Prince in Richardson, Evidence (10th ed, § 556, at 558): "[Confessions which are proved to have been made voluntarily constitute the highest and most satisfactory species of evidence. This is for the reason that no innocent man, in full possession of his faculties, can be supposed ordinarily to be willing to risk his life, liberty, or property voluntarily by a false confession.”
There was no proof elicited in this hearing that defendant was not in his right mind so that the question of the voluntariness of the confession has not been raised. There is a *714 presumption of sanity which has not been rebutted by the defendant. (People v Egnor, 175 NY 419 [1903].)
Given these circumstances I find that defendant’s confession standing alone provides reasonable cause to believe that a homicide was committed and that defendant committed it.
I, therefore, will hold him for the Grand Jury and remand him for that purpose.