OPINION OF THE COURT
John Manning Regan, J.
The defendant is charged in a complaint with burglary, first degree, sodomy, first degree, and criminal use of a firearm, first degree, all of which are class B felonies. He is 16 years old and a local high school student. He has no prior criminal record, and he lives at home with his father.
*882 This court arraigned him on May 15, 1987, and scheduled a preliminary hearing on the felony complaint on May 21, 1987. Meanwhile, the court ordered the defendant held without bail for clinical evaluation. Due to his family’s indigency, the court assigned the Public Defender to represent him.
The hearing and clinical report have occurred as scheduled. Upon the final close of the People’s proof after the hearing, defense counsel moved to dismiss the charges. For the following reasons, the court grants that motion, and dismisses all the charges, without prejudice to submission of the case to a Grand Jury if additional proof becomes available.
I. THE people’s CASE AT THE HEARING
The only witness the People called to testify at this preliminary hearing was Police Officer Todisco. His testimony consisted of the fact that the defendant had made to him, while in police custody, a written admission to the crimes as charged. There was no other proof.
When the Assistant District Attorney rested his case on these admissions alone, the court advised the prosecutor of the requirements of CPL 60.50 to the effect that: "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.” (Emphasis added.)
After this reminder, the People asked for permission to reopen the case. Over defense counsel’s objection, the court granted the motion to reopen.
The prosecutor then recalled the same police officer as a witness, and attempted to elicit from him statements and observations the defendant’s father had made and had told the police. None of this testimony was admissible under CPL 180.60 because it was patent hearsay, and that section provides: "[during a preliminary hearing] only non-hearsay evidence is admissible to demonstrate reasonable cause to believe that the defendant committed a felony”.
Notwithstanding these clear and unassailable statutory rules, the prosecutor then rested his case again, and stated, in words or substance, to the court, that he felt there was *883 enough proof to hold the defendant for action by a Grand Jury.[1]
The court inquired at this time whether any corroborative evidence pertaining to the defendant’s admissions was available — particularly independent evidence that a crime had, in fact, occurred, such as a hospital record on the victim, or a third-party witness to defendant’s presence at the scene or testimony of the victim herself. The prosecutor declined to produce any additional evidence whatsoever, and left the court with this sharply focused legal issue. "Is a naked admission, standing alone, and wholly uncorroborated in any way, adequate to comprise reasonable cause to send the felony complaint to a Grand Jury, and to hold a defendant in custody pending their deliberations?”
II. APPLICABLE RULES OF LAW
In New York’s criminal procedure, there are two separate paths for the prosecution of accused criminal defendants. The first, and older, path is submission of evidence to a Grand Jury which results in an indictment. The defendant is then arrested, and arraigned before a Trial Judge, and is thereafter tried before a petit (trial) jury. (CPL 210.10 [3].)
The second, and more familiar, path has been authorized since the original Code of Criminal Procedure was enacted in 1881. That path begins with the filing of a felony complaint(s), the issuance of an arrest warrant, the arraignment of the defendant before a Judge, the conduct of a preliminary hearing, Grand Jury indictment, and thereafter, a trial before a petit jury. (CPL art 180; 210.10.)
Each path has advantages and disadvantages to a prosecutor. Grand Jury indictments require sworn testimony by witnesses and are time consuming. Moreover, in rural counties, Grand Juries are not always in session, and in metropolitan counties, they may be back-logged with a high volume of cases. These inevitable delays, in prosecutors’ minds, allow defendants time to escape the jurisdiction, or, what is worse, time to intimidate witnesses. However, Grand Jury proceedings are secret and may go on without the defendant’s knowledge. (CPL 190.50 [5] [a].)
Felony complaints, on the other hand, may proceed at once *884 to secure an arrest warrant and the detention of an accused person solely on written depositions and affidavits. However, prompt submission of testimonial proof at a preliminary hearing is necessary[2] and, unlike Grand Jury proceedings, the defendant, represented by counsel, has the right to be present and to cross-examine all witnesses at that hearing. Such adversary proceedings may risk the exposure of serious flaws or other weaknesses in the People’s case at an early time, from which the prosecution may never recover. (See, CPL 180.60.)
The decision as to which path to follow, and which risks to assume, is completely a matter of discretionary judgment with the District Attorney. (People v Galak, 114 Misc 2d 719 [1982].) In this case, he chose to proceed on felony complaints, and to submit to a preliminary hearing.
At a preliminary hearing, there is no jury. The Judge acts as trier of fact as well as Judge of the law. The standard of judgment at the hearing is: whether there is reasonable cause to believe that the defendant committed a felony, such that the defendant is held for the action of a Grand Jury. (CPL 180.70 [1]; see also, L 1970, ch 996.)
From 1881 until 1970 that standard was considerably different. During that time, the issue at a preliminary hearing was whether a crime had been committed, and whether there was sufficient cause to believe the defendant guilty thereof. (See, Code Crim Pro § 208; see also, L 1962, ch 739, at 3352.)
There is no doubt, regardless of the standard applied, under both the old and new code, that the primary function of a preliminary hearing is to replace Grand Jury consideration until such time as a Grand Jury has had an opportunity to review the evidence and to decide whether to return an indictment. From 1970 until the present time, judicial interpretations of this newer "reasonable cause” standard have varied a great deal. The standard itself actually has two aspects. First, there is the test of whether the evidence gives reasonable cause to believe that the defendant has committed a felony; and second, whether the defendant should be held for action by a Grand Jury on such evidence.
There is no point, of course, in holding.any defendant for Grand Jury action when the evidence presented at a preliminary hearing could not, under any circumstances, sustain or *885 justify a Grand Jury indictment. (People v Galak, 114 Misc 2d 719 [1982], supra.) Such an order would be a total sham, for it would profess to justify Grand Jury consideration of evidence which is knowingly and demonstrably insufficient, on its face, to produce any indictment.
Notwithstanding the irrefutable logic of the previous conclusion, local courts have struggled with the "reasonable cause” standard — especially in cases where there exist serious questions of the legal sufficiency of the evidence. And those serious questions of legal sufficiency arise most often in cases where the law demands corroborative testimony or proof. For example, the Criminal Courts of the City of New York have held that an uncorroborated confession is clearly insufficient proof to hold a defendant for Grand Jury action. (People v Barclift, 97 Misc 2d 994 [Queens County 1979].) The same court, but a different Judge in a different county, has held such proof adequate to hold a defendant for Grand Jury action. (People v Gurney, 129 Misc 2d 712 [NY County 1985].)
The same conflict existed in corroboration cases under the old Code of Criminal Procedure prior to 1970. Uncorroborated testimony of a nine year old was held to be inadequate. (People ex rel. Rao v Warden, 170 Misc 834 [1939].) But uncorroborated testimony of an accomplice — though obviously insufficient for conviction — was held enough for Grand Jury consideration. (People ex rel. Giallarenzi v Munro, 150 Misc 41 [1934].)
In 1983, the Legislature addressed the problem of corroboration cases being presented to a Grand Jury. After some debate, the Legislature passed an amendment to CPL 190.65 (1) which provided as follows: "evidence [before a Grand Jury] is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction for such offense is absent” (see, L 1983, ch 28, § 1).
This legislation resolved the problem of conflicting case law among the judicial departments. It is New York law at this time that Grand Jury indictments cannot rest on uncorroborated evidence whenever the law requires corroboration evidence to convict.
And, it is also New York law that in confession/admission cases corroboration proof is required to convict. (CPL 60.50; People v Lipsky, 57 NY2d 560 [1982].)[3]
*886 Now that corroborative proof is mandatory for Grand Jury indictment, whenever corroborative proof is necessary to convict, the problem surfaces at the preliminary hearing phase. The Supreme Court has held that a preliminary hearing is a "critical stage” in the criminal process and that constitutional safeguards attach at that level. (Coleman v Alabama, 399 US 1 [1970].) What then does due process require? Does the question of the legal sufficiency of the evidence first emerge in the criminal process at the preliminary hearing level? The only logical answer is yes. The preliminary hearing is, in every way, both historically and legally, as previously demonstrated herein, a temporary procedural substitute for a Grand Jury. The prosecutorial disposition of a felony case, after preliminary hearing, is an order of detention of the defendant for "action of a grand jury”. Obviously, if, on the evidence at such a preliminary hearing, no Grand Jury action is legally possible, the warrant of detention should not be signed, and the court should discharge the defendant.
What this court holds in this case is that the evidence in a preliminary hearing must not only satisfy the statutory requirements of "reasonable cause” as set forth in CPL 70.10 (2), but it must also satisfy in cases of corroboration, the standard of "legally sufficient evidence” set forth in CPL 70.10 (1), because, since the amendment of 1983, that test of "legally sufficient evidence” in cases of corroboration has been imposed on Grand Juries by the Legislature. (CPL 190.65.) Consequently, in this court’s opinion, cases such as People v Scarposi (69 Misc 2d 264 [1972]) and People v Martinez (80 Misc 2d 735 [1975]), which antedated the 1983 amendment, and which dispensed with the requirement of corroboration evidence at the preliminary hearing level, are no longer persuasive or authoritative.
This holding does not pass on the quality of such corroborative evidence, nor upon the degree of persuasiveness the law demands. Conviction demands proof beyond a reasonable doubt (CPL 70.20). That high burden of persuasion does not apply to Grand Jury indictments, nor to proof at a preliminary hearing. As to those proceedings, the proof need only establish "probable cause” to prosecute.
III. CONCLUSION
In the case at bar, the sole item of evidence consists of admissions of a 16-year-old boy which are uncorroborated by *887 any sort of additional or independent proof of the corpus delicti. Such corroboration as the law demands is wholly absent. Since that is the case before me, no Grand Jury indictment is legally possible. Accordingly, there is no legal basis to hold the defendant for Grand Jury action.
In view of this decision, there is no need to address the further question of the reliability of an in-custody admission of a 16-year-old adolescent with his diminished legal capacity.
The charges are dismissed and the defendant is discharged.

. The prosecutor did not ask for an adjournment to gather additional evidence, although the law allows him another day to do so. (CPL 180.60 [10].)

. Not more than six days may elapse. (CPL 180.80.)

. See also, Note, Confession Corroboration in New York: A Replacement for the Corpus Delicti Rule, 46 Fordham L Rev 1205 (1977-1978).