OPINION OF THE COURT
Joseph E. Damrath, J.
The question presented in this case is whether or not, at a preliminary hearing, the uncorroborated confession of a defendant is sufficient proof of the felony charged so as to bind the defendant over for Grand Jury action.
The defendant has been charged with two counts of sodomy in the first degree as well as two counts of sexual abuse in the first degree. It is alleged that in the early part of July 1990, the defendant inserted his penis into the mouths of two *205 females, who were both less than 11 years of age; and it is further alleged on other occasions in July of 1990, that the defendant, for sexual gratification, fondled the vaginal areas of these females with his hands and penis. At the preliminary felony hearing conducted on August 21, 1990, the People offered as evidence, through the testimony of the arresting officer, the written statement of the defendant dated August 9, 1990. In this statement, the defendant in essence admitted to the acts alleged in the felony complaints. The only other witness called by the People was the mother of the children, who testified that the girls were 7 and 9 years of age. No other evidence was offered or submitted at the hearing.
The defense takes the position that the evidence produced at the hearing was insufficient. Citing People v Searles (135 Misc 2d 881 [Rochester City Ct, Monroe County 1987]), defense counsel argues that since CPL 60.50 prohibits the conviction of a defendant for an offense solely upon evidence of a confession or admission without additional proof that the offense charged has been committed, then such uncorroborated confession is also insufficient to hold a defendant for Grand Jury action.
This court, of course, is not bound to follow the decision in Searles (supra) and chooses not to do so. That case is premised upon the presumption that the function of a preliminary hearing is to replace Grand Jury consideration, until such time as the Grand Jury actually reviews the evidence. (People v Searles, supra, at 884.) The court takes this premise to its logical conclusion and holds that CPL 190.65 (1), requiring Grand Jury corroboration, is also applicable to preliminary hearings. (People v Searles, supra, at 886.) After reviewing the law, this court is of the opinion that the Searles premise is erroneous, as is the conclusion derived therefrom.[1]
CPL 180.10 (1) clearly states that "the primary purpose of the proceedings upon such felony complaint is to determine whether the defendant is to be held for the action of a grand jury”. Moreover, subdivision (2) of CPL 180.10 states that the issue to be determined at a preliminary hearing is "whether there is sufficient evidence to warrant the court in holding [the defendant] for the action of a grand jury”. The standard *206 of proof to be considered by the presiding Judge is whether there is reasonable cause to believe that the defendant committed a felony. (CPL 180.70 [1].) Thus the stated purpose and function of a preliminary hearing is not to replace Grand Jury consideration, but rather to simply determine whether the defendant should be held for Grand Jury action because there is reasonable cause to believe the defendant committed a felony.
" 'Reasonable cause to believe that a person has committed an offense’ ” exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. (CPL 70.10 [2].) There is no requirement that a prima facie case be presented (see, People v Haney, 30 NY2d 328), nor that all elements of the offense be established to the degree required at trial or in the Grand Jury. (See, People v Soto, 76 Misc 2d 491.)
Thus this court holds that the uncorroborated confession of a defendant may be sufficient proof, at a preliminary hearing, of the felony charged so as to justify holding the defendant for Grand Jury action, if such confession provides reasonable cause to believe that the defendant committed a felony. Of course, not every confession will be sufficient to meet this burden, and the People would be ill advised to accept this holding as a blanket endorsement of the reliance upon uncorroborated confessions at the preliminary hearing stage. The determinative factor is the quality and substance of the confession, in terms of reliability and specific facts and circumstances which provide evidentiary particulars of such weight and persuasiveness, so as to support the elements of the crime charged.[2]
After reviewing the defendant’s confession, this court finds that in this case, there is reasonable cause to believe that the defendant committed a felony. The confession is very graphic and explicit wherein the defendant admits and describes *207 certain sexual acts with his daughters, and he even explicitly denies certain other sexual acts. In addition, the defendant’s confession provides a time period and time frame during which these acts occurred. Accordingly, the confession is reliable and persuasive, and coupled with the evidence of the children’s ages as 7 and 9, the court concludes that the People have met their burden of establishing reasonable cause to believe that the defendant committed a felony, to wit: sexual abuse in the first degree and sodomy in the first degree.
By reason of the aforesaid, the defendant is held for Grand Jury action and bail is continued at $10,000.

. The Searles case (135 Misc 2d 881) attempts to impose a requirement which is not provided for in our statute. If the Legislature intended a corroboration requirement at the preliminary hearing stage, it could have explicitly provided for such as it did in the case of Grand Juries.

. This court also rejects the rationale of People v Gurney (129 Misó 2d 712 [Grim Ct, NY County 1985]) relied upon by the People. That case held a defendant for Grand Jury action based upon the defendant’s naked confession, because there was no showing that the confession was involuntary or that the defendant was not in his right mind. Such rationale, of course, opens the door to collateral issues which are not before the local court and are better left to the superior trial court.